WILLIAM HAMILTON *vs.* THE STATE OF MARYLAND,
use of RICHARD S. HARDESTY.

*Plea of Non-residence—Estoppel—Order directing an Injunction—Liability of an Injunction Bond—Practice.*

A person sued out of the county in which he resides, may plead his non-residence formally, by way of a plea in abatement.

A surety in an injunction bond, which recited that the injunction was ordered to be issued " on the complainant's filing with the clerk of the Court, a bond executed by himself and a surety or sureties, to be approved by the Court," &c., cannot, in an action against himself on the bond, object to its admissibility in evidence, on the ground that it does not appear that the order granting the injunction required a bond to be given. Having signed and sealed the bond, he is estopped from denying it.

An order directing an injunction to issue ·is not to be treated as a nullity, because it did not specifically define the matter upon which the writ was to operate. The order must be construed with reference to the prayer and object of the bill upon which it was granted.

An injunction having been ordered, the bond was filed and approved on the 16th of November, 1858, and the injunction was dissolved on the 16th of May, 1869. An appeal was taken from the order of dissolution, and an appeal bond executed on the 19th of May, 1859, and approved on the 24th of the same month. The order of dissolution was affirmed in the Court of Appeals on the 30th of May, 1860. HELD:

That the injunction bond was liable for the damages that accrued to the defendants in the proceedings, by reason of the delay and obstruction of his rights during the pendency of the appeal; and that the appeal bond was only cumulative security to the injunction bond, except as to the costs on the appeal, for which the appeal bond alone was answerable.

Where there is no evidence to sustain the hypothesis of a prayer, it is properly rejected.

APPEAL from the Superior Court of Baltimore City.

This was an action on an injunction bond, brought by the appellee against the appellant and George H. Wetter and

John Sauerhoff. The *narr.* alleged the issuing of the injunction at the instance of Wetter, to restrain all proceedings for the foreclosure of a mortgage from Wetter to one William Ward, and by him assigned to the appellee, Hardesty, and for the collecting of certain ground rents—the dissolution of the injunction by the Court, and an affirmance of the dissolution by the Court of Appeals. The appellant and Wetter were summoned—the former pleaded to the jurisdiction of the Court, that he was not a resident of Baltimore city, but was a resident of Baltimore county, and that no summons had been issued by the plaintiff against him in said county. On motion of the plaintiff the Court rejected the plea, and the defendant appealed. Wetter pleaded his discharge under the insolvent laws, and judgment was rendered for him. The appellant further pleaded that the determination of the Court of Appeals in regard to the injunction was not final, and on this plea issue was joined.

*First Exception:* At the trial, the plaintiff gave in evidence the bill of complaint of Wetter against the appellee, Hardesty, asking for the injunction—the order for the injunction and the leases under which the rents were reserved, and then offered to read the injunction bond which was filed in said case; to the reading of this bond, the defendant objected, on the ground that the order granting the injunction did not require such a bond. The Court overruled the objection and the defendant excepted.

*Second Exception:* The plaintiff then offered in evidence the mortgage from Wetter to Ward, and the auditor's account in the case of *Ward vs. Wetter,* to foreclose said mortgage. The defendant objected. The Court overruled the objection, and the defendant excepted.

*Third Exception:* The plaintiff then offered to read to the jury the injunction bond given in the case of *Wetter vs. Hardesty,* being the bond on which this suit was instituted. The defendant objected to its admissibility. The Court overruled the objection and the defendant excepted.

*Fourth Exception:* The plaintiff then read to the jury the injunction bond, the order of the Superior Court dissolving the injunction, and the order of the Court of Appeals affirming such dissolution; he then produced the record in the case of *Ward vs. Wetter,* from which it appeared that the claim of Hardesty was not paid in full; and proceeded to show the rental value of the mortgaged property during the time when the injunction had suspended its sale; but the defendant, insisting that an approved appeal bond had been given on the dissolution of the injunction, objected to any evidence being given of any damage that occurred after the approval of the appeal bond. The Court overruled the objection and the defendant excepted.

*Fifth Exception:* The plaintiff then gave in evidence the papers in the distraint, which the injunction had restrained, and proved that at the time the injunction issued there was sufficient distrainable property on the premises to satisfy the rent thereon, and that afterwards it had been removed to evade the distraint, after the injunction had been dissolved. The defendant then gave in evidence the inventories of the property and the valuation thereof when taken by the sheriff; the plaintiff then was asked by his counsel, what amount of the proceeds of the property distrained, he received from the sheriff? but the defendant objected to the question. The Court decided that the question might be asked, and the defendant excepted.

*Sixth Exception:* The plaintiff offered the following prayer:

If the jury shall find from the evidence, that Hardesty was obliged to pay, and did pay, the prior landlord a sum due on said premises for one year's rent in arrear, greater than the value of the goods by him, said Hardesty, distrained, less the expenses legally attending the sale thereof, then said defendant is, in that case, not entitled to any credit for the amount of property so taken, without deducting therefrom the one year's rent due said prior landlord at the time of his, said Hardesty's, distraint, if they find that said prior landlord

Hamilton *vs.* State, use of Hardesty.

gave the notice of each back rent, duly verified by affidavit, as given in evidence, and also the legal expenses incidental to such distraint.

And the defendant prayed the Court to instruct the jury as follows:

1st. That in the calculation, whatever verdict the jury may find, should it be for the plaintiff, they are to allow credit for the value of the property taken in distraint, as shown by the inventories offered in evidence, subject to a proper deduction for all legal costs.

2d. That the jury are to infer that all the property on the premises, spoken of in the evidence, which was liable to distress, had been taken by the sheriff, under the two writs of distress offered in evidence, at the time the writs of distress were levied.

3d. That the jury are to assess no damages against the defendant for losses alleged to have occurred by reason of the plaintiff's having been restrained from collecting the rents, unless they find that some property, subject to distress, was upon the premises subsequent to the 16th of July, 1860, and that they are not permitted to find that there was any such property, except from affirmative evidence, and then only to the value of the property that might have been so found upon the premises.

The Court granted the prayer of the plaintiff, and the third prayer of the defendant; it also granted the first prayer of the defendant, with the qualification in the plaintiff's prayer. The second prayer of the defendant was admitted. To the granting of the plaintiff's prayer, and to the refusal to grant the defendant's first prayer without the qualification, and to the qualification itself, the defendant excepted; and the verdict and judgment being against him, he appealed.

The cause was argued before BARTOL, C. J., STEWART, BRENT, MILLER, ALVEY and ROBINSON, J.

*Patrick M'Laughlin,* for the appellant.

*George H. Williams,* for the appellee.

ALVEY, J., delivered the opinion of the Court.

The Code, Art. 75, sec. 87, provides that "no person shall be sued out of the county in which he resides, until the sheriff or coroner of the county in which he resides, shall have returned a *non est* on a summons issued in such county;" and in this case, the defendant, having tendered his plea, in the nature of a plea of abatement, at the appearance term, and before defence taken, with a proper affidavit as to its truth, alleging his non-residence in the city of Baltimore, and his residence in Baltimore county, and that no summons had been issued against him and returned in the county of his residence, we are at a loss to understand upon what ground such plea was rejected. If upon the ground that the privilege should have been availed of by motion, and not by plea, we think the Court was clearly in error. For while, by our practice, such privilege is generally allowed on motion, supported by affidavit, it does not follow that it may not be the subject-matter of a formal plea. And that such privilege is matter of plea, will abundantly appear from *Chitty on Plead.,* 444, 458. We think, therefore, that the Court below was in error in rejecting the appellant's plea of non-residence.

The appellant's exception to the reading of the injunction-bond, on which the suit was brought, because it did not appear that the order granting the injunction required a bond to be given, cannot be sustained. For, without other proof of the terms of the order itself, the bond recites that the injunction was ordered to be issued "on the complainant's filing with the clerk of the said Court a bond, executed by himself, and a surety or sureties, to be approved by the Court," &c., and, having thus solemnly admitted the fact, under his hand and seal, he is precluded from denying it. He is estopped upon the question. *Lloyd vs. Burgess,* 4 *Gill,* 187. And as to the idea that the order, directing the injunction to issue, is to be treated as a nullity, because it does not specifically define the

matter upon which the writ was to operate, we think that equally untenable. The order, of course, was to be construed with reference to the prayer and object of the bill upon which it was granted.

The object of the second, third and fourth exceptions would seem to be to raise the question as to the extent of the liability of the injunction-bond, sued on in this case.

The bond was filed and approved on the 16th of November, 1858, and the injunction was dissolved on the 16th of May, 1859. An appeal was taken from the order of dissolution, and an appeal bond executed on the 19th of May, 1859, and approved on the 24th of the same month. The order of dissolution was affirmed in the Court of Appeals on the 30th of May, 1860. Now, which of these bonds is properly liable for the damages that accrued to the defendant in the injunction proceedings, by reason of the delay and obstruction of his rights during the pendency of the appeal? It is contended by the appellant that the appeal-bond is exclusively liable, and that the liability of the injunction-bond is limited to the time of the order of dissolution appealed from. But that is not our conclusion.

Taking the appeal, and giving the appeal-bond, as required by law, had the effect of staying and suspending the operation of the order of dissolution, and of leaving the order granting the injunction in full force, as if no order dissolving the injunction had passed. The defendant, in those proceedings, was not at liberty to proceed with the foreclosure of his mortgage, or the collection of his rents, during the pendency of the appeal, nor could he have sued the injunction-bond after the order of dissolution and before its affirmance by the Court of Appeals; for, after filing the appeal-bond, and, by that means, staying and suspending the effect of the order of dissolution, the injunction was as operative as ever. It was not until the order of dissolution was affirmed by the Court of Appeals, that the liability of the injunction-bond became fixed; and, though the appeal-bond was conditioned to prosecute the ap-

peal with effect, and by breach of which the appellee became entitled to recover for damages sustained by reason of the appeal, it is but cumulative security to the injunction-bond, except as to the costs on the appeal, to which the appeal-bond alone is chargeable. The rulings of the Court in these exceptions are, therefore, affirmed.

As to the fifth exception, we can perceive no reason why the question asked the plaintiff, while being examined as a witness, was not proper. It was in reference to a fact very proper to be proved, and, if the answer to it were at all calculated to mislead the jury, as contended by the appellant, it could only have that effect because of a defective cross-examination.

The sixth exception taken to the granting of the appellee's prayer we have to sustain, because there is no evidence whatever in the record to sustain its hypothesis. Whether there was any evidence given on the trial, tending to prove that the appellee ever paid the prior landlord a sum due on the premises, for a year's rent in arrear, at the time of levying the distress, or to prove that notice was ever given, or demand made by such prior landlord of rent due, the record before us is wholly silent. And this is a defect not obviated by the Act of 1862, ch. 154. *Mayor and C. C. of Baltimore vs. Poultney & Trimble,* 25 *Md.,* 18.

It follows that the judgment appealed from must be reversed, and a new trial awarded.

*Judgment reversed and*
*new trial awarded.*