(Decided 12th January, 1871.)

---

JOHN S. GITTINGS *vs.* THE STATE OF MARYLAND, use of HENRIETTA OCKERME.

*From what an Appeal will not lie—Non-residence as a Defence to an Action—Practice.*

An appeal will not lie from an order directing issues to be framed, for determination by a jury, upon the question of the non-residence of a defendant, raised by a motion for a judgment of *non pros.,* upon the ground that he was not a resident of the city of Baltimore, where he was sued.

A person sued out of the county in which he resides, may present the question of his non-residence by a motion for a *non pros.,* supported by affidavit; and when the question is so presented, it is the duty of the Court to hear and determine it, without the intervention of a jury, on

Gittings *vs.* State, use of Ockerme.

affidavits, or such proof as the Court may order to be taken, in accordance with the rules of practice in summary proceedings of like character.

And such proceeding by the Court is no violation of the constitutional provision securing "the right of trial by jury of all issues of fact in civil proceedings in Courts of Law, where the amount in controversy exceeds the sum of five dollars."

APPEAL from the Court of Common Pleas.

The cause was argued before BARTOL, C. J., BRENT, MAULSBY, MILLER and ALVEY, J.

*George H. Williams,* for the appellant.

The Court of Common Pleas had no jurisdiction over the appellant, as he was a resident of Baltimore county. *Code of Pub. Gen'l Laws, Art.* 75, *sec.* 87. And the defence of non-residence was properly raised by a motion for a judgment of *non pros.,* and ought to have been decided by the Court. *Hoffman vs. Prout,* 4 *Har. & McH.,* 165.

A replication to a motion, a matter always addressed to a Court, is without precedent, as is also the submission of such a motion to a jury for their verdict.

The inviolable right of the plaintiff to a trial by jury is preserved to him in the county where the defendant resides, and is not destroyed nor interfered with by confining him to that jurisdiction; and it is a novelty for a Court to permit a jury to say whether it has or has not jurisdiction, either over the person of a defendant or the subject-matter of a suit.

The order appealed from was a proper subject for appeal, like an order *removing* a cause to an adjoining county— *Wright vs. Hamner,* 5 *Md.,* 370; or an order *refusing* to remove a cause—*Price vs. Nesbitt,* 29 *Md.,* 263; or an order *remanding* a cause after it has been removed—*State vs. Shillinger,* 6 *Md.,* 449.

*C. D. McFarland*, for the appellee.

The appeal should be dismissed, for an appeal will not lie until a final decision in the Court below, which concludes the rights of the parties to the action, and which prohibits the party appealing from further prosecuting or defending the suit. *Evans' Practice*, 557; *Boteler and Belt vs. State, &c.*, 7 *G. & J.*, 112; *Wheeler, et al. vs. State, use of Bateman*, 7 *Gill*, 33; *Welch vs. Davis, &c.*, 7 *Gill*, 366; *Green vs. Hamilton*, 16 *Md.*, 328; *Hazlehurst vs. Morris, et al.*, 28 *Md.*, 71; *Smithson and Owens vs. United States Telegraph Co.*, 29 *Md.*, 165.

The case remains on the docket of the Court below for trial. The order appealed from was not, therefore, a finality.

If the appeal were properly taken, the order appealed from should be affirmed. *Art.* 15, *sec.* 6, *of the Constitution.* Either party is entitled to a jury trial of the matters of fact contained in a motion to quash an attachment, under the Act of 1864, chapter 306. *Howard, et al. vs. Oppenheimer*, 25 *Md.*, 364.

Article 75, section 87, Code of Public General Laws, provides, that "no person shall be sued out of the county in which he resides, until the sheriff or coroner of the county in which he resides shall have returned a *non est* on a summons issued in such county." The appellant made a motion for a *non pros.*, based on the allegation that he did not *reside* in the city of Baltimore, when the writ issued. This allegation was denied by the appellee. An issue was joined upon the matters alleged in the motion, which is in the nature of a plea in abatement, being an objection to the jurisdiction of the Court. *Sim & Lee's Lessee vs. Deakins*, 2 *H. & McH.*, 46; *Bryden vs. Taylor*, 2 *H. & J.*, 398; *Carroll vs. Tyler*, 2 *H. & J.*, 57; *Field, et al. vs. Adreon, et al.*, 7 *Md.*, 209; *Fouke vs. Flemming & Douglass*, 13 *Md.*, 407; *Dorsey vs. Kyle, et al.*, 30 *Md.*, 518.

Residence is a question of fact for the jury. *Union Bank vs. Kerr*, 7 *Md.*, 88; *Risewick vs. Davis, Gar.*, 19 *Md.*, 82; *Lyman vs. Fiske*, 17 *Pick.*, 235.

MILLER, J., delivered the opinion of the Court.

The appellant was sued in this action in Baltimore city, and, wishing to avail himself of the provision of the Code, Article 75, section 87, that "no person shall be sued out of the county in which he resides," until after a return of *non est* on a summons in that county, *moved* for a judgment of *non pros.* on that ground, and supported the motion by his affidavit, that, at the time of bringing this suit, he was and still is a resident of Baltimore county. The plaintiff filed a replication to this motion, denying its allegations, and applied for a jury trial of the issue thus presented. The Court, thereupon, passed an order granting the plaintiff's application, and directing issues to be framed on the matters of fact alleged in said motion, for determination by a jury. From this order the present appeal was taken, and the first question to be disposed of, raised by the motion to dismiss, is, whether the appeal was properly taken at this stage of the cause?

It is well settled, by numerous decisions of this Court, that no appeal in actions at law can be prosecuted until a decision has been had in the Court below, which is so far final as to settle and conclude the rights of the party involved in the action, or to deny to him the means of further prosecuting or defending the suit, as otherwise, by repeated appeals, litigation might be protracted to an almost indefinite period. Hence no appeal lies from rulings upon motions or demurrers or other merely interlocutory judgments or orders pronounced and passed in the progress of the cause, to final judgment. All errors committed by the Court below in these rulings or judgments, if properly presented by exception or in some other form, are open for review on appeal from that judgment. But the appellant's counsel, treating this order as, in effect, a refusal of his motion, which involves a question of jurisdiction, contends it constitutes an exception to the general rule, and forms a proper subject of appeal, like orders, removing or refusing to move, a cause for trial, or remanding a cause after it has once been removed. Cases,

where appeals have been entertained from orders of that character, have been referred to and relied on in support of this position.   The case of *Wright vs. Hamner,* 5 *Md.,* 370, is the only instance to be found in our reports of an appeal taken directly, before termination of the suit, from an order removing a cause for trial, and there, no question of the right of appeal was raised or passed upon by the Court.   It may be doubtful, therefore, whether that case is to be accepted as conclusively establishing the right of immediate appeal from such orders; but this is not a point now to be determined. Appeals have also, in some instances, been taken from orders remanding cases to .the Court from whence they were removed, but such cases may clearly fall within the general rule, for an order of that kind may operate to deny to a party the means of further prosecuting the suit.   If the Court that ordered the removal in the first instance should adhere to its original order, and refuse to try it, on being remanded, the cause would terminate, and no trial could ever take place.   It is easy to recognize the final nature of such an order, and the necessity of allowing an appeal therefrom.

Appeals have also been allowed from orders *refusing* a removal.   The ground upon which these are sustained is stated in *Griffin vs. Leslie,* 20 *Md.,* 19, where it is said an order of that character unlike ordinary rulings on motions addressed to the discretion of the Court, or on demurrers and other interlocutory judgments, " does finally settle a constitutional right of the party, the exercise of which when demanded is essential to the impartial administration of justice, and should not be withheld or postponed."   Whether the statutory right or privilege of being sued only in the county of residence ought to be placed on the same footing, and its *refusal* made the subject of an immediate appeal, we need not now decide, because the present order, in our opinion, does not amount to a refusal of the defendant's motion.   It merely provides that the matters of fact alleged in the motion shall be tried by a jury.   There is nothing final about it even in

respect to the motion itself, and much less is it so far final as to settle the rights of the defendant involved in the action or to deny to him the means of further defending the suit. Upon no principle and under none of the decisions of this Court can an appeal from an order like this be sustained, and the motion to dismiss must therefore prevail.

But as the question may arise and be properly presented on another appeal in the same cause, and as it involves an important question of practice, we think it advisable now to express our views as to the propriety of this order. We are clearly of opinion it is erroneous. Whilst this Court has recently decided in *Hamilton vs. Hardesty,* 32 *Md.,* 348, that a party may if he chooses claim this privilege by a formal plea in the nature of a plea in abatement, yet that decision does not disturb, but on the contrary expressly recognizes the propriety of the usual and well settled practice of presenting the question by *motion* for a *non pros.,* supported by affidavit; the same practice was also recognized and approved in *Horner vs. O'Laughlin et al.,* 29 *Md.,* 470. When claimed by *motion* the action of the Court is invoked, and we are of opinion it then becomes the duty of the Court to hear and determine the matter without the intervention of a jury, on affidavits or such proof as it may order to be taken in accordance with the rules of practice in summary proceedings of like character. By such proceeding there is no violation of the constitutional provision securing " the right of trial by jury of all issues of fact in civil proceedings" "in Courts of Law" " where the amount in controversy exceeds the sum of five dollars." It is simply a determination by the Court in a summary way, on motion, in what jurisdiction the trial shall be had. It is facilitating instead of delaying or violating that jury trial which the constitution contemplates and guarantees, and the action of the Court in this respect may, as we have said, be reviewed by this Court when duly presented by appeal taken at the proper time. Motions to dissolve attachments involving sometimes questions of residence and citizen-

ship, and other matters of fact *de hors* the proceedings may be decided by the Court in this mode, and such decisions have never been regarded as infringing the constitutional right of trial by jury. *Lamden vs. Bowie,* 2 *Md.,* 334; *Gover vs. Barnes,* 15 *Md.,* 576. In *Howard vs. Oppenheimer,* 25 *Md.,* 350, the garnishee and claimant of the property attached, under a bill of sale, the *bona fides* of which was disputed, made the motion to quash, and in that case the Court after commending the practice of docketing cases between the claimant and attaching creditors, and trying the title by a jury on issues framed or made by the pleas, say it would have been the duty of the Court below, if application to that end had been made, to have granted it, and had the *bona fides* of the bill of sale and all other facts in proof of title submitted to the finding of a jury, but they did not question the authority of *Gover vs. Barnes,* where the motion to quash made by the party against whom the attachment issued, involved the questions whether he was a citizen of the State, and had run away or fled from justice, or had removed from his place of abode with intent to injure and defraud his creditors, and where the very point was made in the Court below, (amounting in effect to an application for a jury trial,) that these matters of fact should be tried by a jury, and ought not to be tried by the Court. But whatever may be the law or duty of the Court in relation to such applications when made in attachment cases, we are fully satisfied from the nature and character of this privilege, it ought to be speedily and summarily disposed of by the Court when claimed by way of motion for judgment of *non pros.* What may be done when the defence is presented by a formal plea, whether a jury trial may then be had on the issue of residence *vel non,* or whether even then the better practice is not to submit the plea and issue on proof taken to the determination of the Court as was done in the analogous case of *Anderson vs. Garrett, et al.,* 9 *Gill,* 120, are questions we are not now called upon to decide, as they cannot arise in this case. The question is here presented by motion invoking

the summary action of the Court, and in our judgment it is the duty of the Court to hear and determine it, on proof submitted to it in the mode we have indicated, without the intervention of a jury.

*Appeal dismissed.*

(Decided 12th January, 1871.)