THE STATE OF MARYLAND, use of HENRIETTA OCKERME, *vs.* JOHN S. GITTINGS.

*Practice—Motion for a Non pros. on the ground of the Defendant's non-residence.*

A suit was brought in the Court of Common Pleas, and the summons made returnable to the April return day, being the 11th of the month. The defendant was returned summoned, and placed under rule to plead within fifteen days. On the 9th of May following, being the first day of the May Term, the defendant, without pleading, moved for a judgment of *non pros.*, on the ground that he was not a resident of the city of Baltimore. HELD:

That the motion for a *non pros.* was made in time—the defendant not being bound to make it on the very day of the return of the writ.

A motion for a *non pros.* by a defendant on the ground of his non-residence, should not be allowed after the time within which dilatory pleas can be filed.

Pending the question whether a suit can be maintained in the Court where it is brought, by reason of the alleged non-residence of the defendant, there can be no judgment against the defendant by default for want of a plea.

APPEAL from the Court of Common Pleas.

This suit was brought by the appellant against the appellee, and the summons made returnable at the April return day, 1870, under the Act of 1864, ch. 6, secs. 1 and 2. The appellee was returned summoned. On the return day, which occurred on the 11th of the month, the appellee appeared in his own proper person, and was placed under rule to plead, within fifteen days thereafter. On the ninth of May following, being the first day of the May Term, 1870, the appellee moved for a *non pros.*, claiming to be a resident of Baltimore county, which motion, on the 21st of May, was overruled. On the same day, the appellee appeared by attorney, and the appellant thereupon moved for a judgment by default for want of plea, and, simultaneously therewith, the appellee

prayed for leave to plead. The appellant's motion for a judgment was overruled and the appellee granted leave to plead, whereupon he filed a formal plea, to the jurisdiction of the Court, by his attorneys, who appeared for him. On the 28th of May, the appellant moved to strike out said plea and for a judgment by default; this motion was granted in so far as it related to the plea, but in so far as it related to the judgment by default, was overruled; and the Court, at the same time, rescinded its order of the 21st of May, 1870, overruling the motion for a *non pros.*, and granted leave to the appellant to reply thereto, and, thereupon, on motion, by leave of the Court, the appearance of the appellee's attorney was stricken out. The appellant thereupon filed a replication, alleging that the defendant, at the time of the institution of the suit, resided in the city of Baltimore, and claimed a jury trial of the issue thus presented. The Court passed an order directing the trial of the issue by a jury. From this order the defendant appealed. This Court dismissed the appeal, but stated in its opinion pronounced at the time, (*vide* 33 *Md.*, 463,) that the Court of Common Pleas should have determined the matter in issue in a summary way, without the intervention of a jury. The defendant then proceeded in the Court below, on the 6th of May, 1871, to join issue on the plaintiff's replication. The plaintiff thereupon moved to strike out the motion of the defendant for a *non pros.* for the reason that it was not filed upon the return of the writ—this motion the Court overruled. The plaintiff then filed an affidavit, alleging that the defendant had a residence on St. Paul street, in the city of Baltimore, where he and his family resided at the time of the institution of the suit, and when the summons was served upon him—that his only place of business was in the city of Baltimore, where he had been found in almost daily attendance for several years. The defendant excepted to this affidavit, and the Court, (GAREY, J.,) for the reason that it had not been previously filed, and no notice of its contents had

State, use of Ockerme *vs.* Gittings

-been given to the defendant, ordered that it be stricken out as having been filed improperly, and that it be not allowed as evidence.    After hearing the testimony of numerous witnesses for the plaintiff, the motion for a *non pros.* was sustained, and the plaintiff thereupon appealed.

The cause was argued before BARTOL, C. J., BOWIE, BRENT, GRASON and ALVEY, J.

*C. D. McFarland*, for the appellant.

*George H. Williams*, for the appellee.

ALVEY, J., delivered the opinion of the Court.

The order from which the present appeal was taken, *non prossing* the plaintiff's case, presents no question to this Court for review.   It was passed upon oral evidence taken in Court, and there was no exception taken to present to this Court the evidence upon which the Court below acted.   It is impossible, therefore, for this Court to determine whether the judgment complained of was warranted by the facts of the case or not.   If an exception had been taken, as might well have been done, it would have been the right of the plaintiff to have her case reviewed by this Court.   But as the facts are not before us, of course we can have no judgment in regard to them.

There is one question, and one only, that would seem to be properly presented here by this appeal, and that is, whether the motion for the *non pros.* was made in time.   That motion was made on the first day of the term next succeeding the return day of the writ, (as prescribed by the Act of 1864, ch. 6,) and before any defence was made to the action by way of plea.   The motion was overruled on the 21st of May, 1870, but again re-instated by the Court seven days thereafter.   The plaintiff replied to the motion, and afterwards moved to strike it out, because it was not filed upon the

return of the writ; that is, as we take it, on the return day of the writ.

. This motion by the plaintiff to strike out the motion to *non pros.* was overruled by the Court, and we think properly. Before this motion to strike out was made, the case had been in this Court on the appeal of the defendant, and although the appeal was dismissed as prematurely taken, we said that it was the duty of the Court below to hear and decide the motion to *non pros.* in a summary way, instead of submitting the matter to a jury, as that Court had decided to do upon the motion of the plaintiff. It was not until after that appeal had been acted upon by this Court that the motion to strike out the defendant's motion to *non pros.* was made in the Court below. Up to that time the question had been as to the manner of presenting the question of non-residence, and the mode of trying it.' 33 *Md.*, 458.

Looking to the object contemplated by the 87th section of Article 75 of the Code, that of preventing a party from being liable to suit away from his home, and, as it might be, in a county remote from that of his residence, the provision should be applied in such a reasonable manner as not practically to render it useless. The rule to be adopted must apply to all cases alike, and cannot, of course, be made to have any special reference to the peculiar circumstances of this case. And so applying the section of the Code, we can perceive no good reason for saying that the defendant was bound to appear and move for *non pros.* of the plaintiff's action on the very day of the return of the writ, or otherwise forego the protection intended to be afforded him by the law. In former times, when the *capias ad respondendum* was used instead of the present summons, and the defendant was either taken into custody or required to give bail for his appearance, according to the exigency of the writ, he very naturally and properly appeared in Court on the return day of the writ to move for his release from custody or bail, if sued out of the county of his residence; but we are not aware of any

decision or established practice that would deny to the defendant the benefit of the exemption afforded by the Statute if not moved for on the very day of the return of the writ. The old case of *Hoffman vs. Prout,* 4 *H. & McH.,* 165, certainly decides no such thing. In that case, the reporters say, that the defendant having been taken on the *capias,* produced in Court, on the return day of the writ, an affidavit of his residence in another county, and that his counsel then moved for his discharge from arrest by the sheriff, and that the Court discharged him accordingly, with costs. But *non constat* that he would not have been discharged if the motion had been made a week or a month after the return day of the writ. The case only shows that the defendant availed himself of the first opportunity to obtain release from custody, and nothing more, as to the time of making the motion. In that case, moreover, it would seem, the appearance of the defendant by counsel was not regarded as a waiver of the exemption, and as a submission to the jurisdiction of the Court, as has been contended in this case.

There should be, however, a proper limitation as to the defendant's right to interpose the motion for a *non pros.* on the ground of his non-residence. And as he can avail himself of the privilege or exemption, either by plea or motion, the limitation that applies to one mode should equally apply to the other. As, therefore, all the Courts of the State have general rules limiting the time within which pleas to the jurisdiction and in abatement may be filed, the same limitation should apply to motions of the character of the one made to *non pros.* in this case. There is no reason for a greater restriction, as applicable to such motions, than to pleas founded upon the same exemption from liability to suit, but, at the same time, from the very nature of the question involved, being of a dilatory character, they should not be allowed after the time within which dilatory pleas can be filed. It does not appear however, that by rule of Court such plea could not have been filed in this case at the time the motion for *non pros.* was made.

The Court below was clearly right in refusing to enter judgment against the defendant by default for want of plea, during the pendency of the question, whether the suit could be maintained in that Court, by reason of the alleged non-residence of the defendant. That question having been made, it was preliminary to all others.

*Judgment affirmed.*