(Decided 20th December, 1872.)

---

## BENJAMIN R. YOE *vs.* HUGH GELSTON.

*Practice—Motion for a Non Pros. on the ground of the Defendant's non-residence.*

A suit was instituted in the Court of Common Pleas, on the 6th of March, 1871, and the summons made returnable to the second Monday of that month, being one of the return days fixed by law. The defendant was returned "summoned," and appeared by counsel, and the cause was continued to the

May Term, when on the 15th of June, the declaration was filed, and a copy thereof served on the defendant's attorney on the same day, and a rule entered that he plead *within fifteen days thereafter;* the service was acknowledged. The cause was then continued till the succeeding September Term, and on the 14th of October, the defendant moved for a judgment of *non pros.* on the ground of his non-residence. HELD:

That the motion was made too late; the defendant had waived his right to question the jurisdiction of the Court.

A notice served on the defendant's attorney, with a copy of the declaration, that on the day of the filing of the declaration in Court, a rule will be entered requiring the defendant to plead to said declaration within fifteen days thereafter, is to be understood as limiting the time within which a dilatory plea, not going to the merits of the case, should be pleaded.

Where a party intends to avail himself of his statutory exemption, by plea or motion for *non pros.*, by reason of non-residence, the purposes of justice require that he should use reasonable diligence in making his defence.

APPEAL from the Court of Common Pleas.

The case is fully stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BOWIE, MILLER, ALVEY and ROBINSON, J.

*Patrick M'Laughlin,* for the appellant.

*Isaac D. Jones,* for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

This suit was instituted by the appellant in the Court of Common Pleas on the 6th day of March, 1871, the summons was returnable to the second Monday of that month, being one of the Return days fixed by the Local Code relating to the City of Baltimore, Art. 4, sec. 161, as amended by the Act of 1864, ch. 6, and was duly returned "summoned."

The record states that the defendant being called, appears by his attorney, Isaac D. Jones, Esquire.

Afterwards, on the 15th day of June in the same year, which was during the succeeding May Term, the declaration was filed, and a copy thereof was served on the appellee's counsel the same day, with the notice, " that on the day of the filing of the declaration, a rule would be entered requiring him to plead to the declaration *within fifteen days thereafter.*"

On the back of the declaration was endorsed as follows:

" Service of copy admitted, June 15th, 1871.

"Isaac D. Jones,
" *Atty. for Defendant.*"

Afterwards, on the 12th day of September, 1871, the defendant, by his attorney, filed a motion for a judgment of *non pros.*, on the ground of *non*-residence of defendant; a demurrer was filed thereto, which was sustained by the Court. Whereupon the defendant, by his attorney, prayed leave of the Court to file an amended motion for judgment of *non pros.*, which was granted, and, on the 14th day of October in the same year, the amended motion was filed, averring in proper form that the defendant was a resident of Baltimore County, and that no summons had been issued against him and returned in said county, before the issuing of the writ in this cause; this was verified by the affidavit of the defendant filed therewith.

Whereupon the Court ordered a judgment of *non pros.*, and the plaintiff appealed.

The Code, Article 75, sec. 87, provides that " no person shall be sued out of the county in which he resides, until the sheriff or coroner of the county in which he resides shall have returned a '*non est*' on a summons issued in such county."

The appellee was entitled to claim the benefit of this statutory exemption; and according to the practice in this State, he was at liberty to avail himself of his privi-

lege, either by plea, or by a *motion* addressed to the Court. *Hamilton vs. State*, 32 *Md.*, 348; *Gittings vs. State*, 33 *Md.*, 458; *Same vs. Same*, 35 *Md.*, 169.

It is also settled by those cases, that a party may make this defence either in person or by attorney, the appearance by attorney for that purpose not being a waiver of the exemption. 35 *Md.*, 173.

The only question therefore, which is open on this appeal, is whether the motion was made in time. In the case last cited, 35 *Md.*, 173, this Court said the same limitations must apply to motions of this kind, as are prescribed by the rules of Court for filing dilatory pleas, such as pleas to the jurisdiction or in abatement. In that case, it was held that the motion need not be made on the return day of the writ. There the summons was returned on the 11th day of April, and the motion for *non pros.* was made on the 9th day of May following, being the first day of the May Term, and in the absence of any rule of Court, showing the contrary, it was decided to be in time. In this case however, the record discloses a very different state of facts. The summons was returned during the January Term, (being on the March return day,) the defendant appeared by counsel, and the cause was continued to the May Term; when on the 15th day of June, a copy of the declaration was served on the defendant's attorney, and a rule entered that he plead within fifteen days thereafter, the service of which was acknowledged. Then the cause was continued till the succeeding September Term, and on the 14th day of October, the motion for *non pros.* was entered.

In our opinion the motion came too late.

The appellee's counsel has argued that the rule of Court not appearing in the record, this Court ought to presume that the decision below was not in conflict with it. But it does sufficiently appear by the notice served on the defendant's attorney, with the copy of the decla-

Baltimore & Ohio R. R. Co. *vs.* Strauss, *et al.*

ration, that the time prescribed by the rule was *fifteen days*. This must be understood as limiting the time within which a dilatory plea, not going to the merits, ought to have been pleaded.

Where a party intends to avail himself of his statutory exemption, by plea or motion for *non pros.*, by reason of non residence; the purposes of justice, require that he should use reasonable diligence in making his defence. His right may be lost by unreasonable delay, or waived by his own acts; and in this case, apart from any positive rule of Court on the subject, we are of opinion that the defendant had waived his right to question the jurisdiction of the Court; and that the motion was too late.

The judgment of the Court below, will therefore be reversed, and the cause remanded, to the end that the defendant may be allowed to plead to the merits, and that the cause may be tried.

> *Judgment reversed and*
> *cause remanded.*

(Decided 20th December, 1872.)