# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed February 12, 1912.

BENJAMIN MAZER, ET AL.,

VS.

THE CLOAK MAKERS UNION OF BALTIMORE, LOCAL NO. 4, ETC.

*Morris A. Rome* for plaintiff.
*Thomas G. Hayes* for defendant.

STUMP, J.—

The first appearance of the defendants in this case was entered upon the docket by the clerk consequent upon the filing by their solicitor, Harry B. Wolf, Esq., of a demurrer which was intended to raise the question of the jurisdiction of the court, not over the subject matter of the bill, but on the ground that the suit could not be maintained against a voluntary or unincorporated society or association in the name of the society or association instead of against the individual members thereof.

Under the authority of Gemundt vs. Shipley, 98 Md., 657, and cases there cited, this demurrer, the first step in the defense, and without being cou-

pled with any move looking to a defense of the case on its merits, is not overcome by the fact that when filed the clerk in the usual course and without instructions from the solicitor, enters a general and not a special appearance. Nor has the effect of the filing of this demurrer been modified by what has occurred since in the pleading of the defendant and the hearing has been upon the demurrer to the bill and exceptions to the jurisdiction and motion to dismiss the bill.

Prior to the Act of 1908, Chapter 240, the Code provided: "It shall be sufficient in any suit, pleading or process, either at law or in equity, or before any justice of the peace, by or against any joint stock company or association, to describe the said joint stock company or association by the name or title by which it is commonly known, or by or under which its business is transacted."

This provision as it then existed in the Code was given as a sufficient reason for the maintenance of a suit against an association or unincorporated company in its collective name without making its members parties in Littleton vs. Wells, 98 Md., 453.

The repeal of this provision of the Code by the Act of 1906, Chapter 240, appears to have left the unincorporated associations as at common law, and in a general sense on the footing of a partnership as to its rights and liabilities.

The bill in this case was filed after the enactment of Chapter 240, Acts of 1908, and does not pretend to make the individual members of the voluntary association defendants in the proceedings.

Consequently, this court is of the opinion that it is without jurisdiction. The plaintiffs contend in argument that the names of the members of the voluntary body, the Local Union, are numerous and unknown, and that if relief depended upon the naming and giving of the residences of the members justice would be denied in a case where the court has unquestioned jurisdiction over the grievances alleged.

All inconvenience in this respect occasioned by the repeal of the Code provision, it seems, can only be remedied by its re-enactment by the legislative branch of the government.

In addition, treating the question of proper parties, where voluntary associations are concerned, to be now at common law, the rules of Equity Pleading require the numerousness and unknown names and residences of proper parties to be alleged in the pleading, and not relied upon in argument in opposition to exceptions to the jurisdiction for want of proper parties. The bill here makes no such allegations and the defendants made show that it was drawn upon a different theory. The object of the bill is alleged to be to protect existing or prospective employees of plaintiffs from intimidation or bodily harm at the hands of members of a local union or voluntary association who had been at a recent date themselves employees of plaintiffs.

In such a case where numerousness of parties and unknown names and residences are properly alleged and appear reasonable, Story's Equity Pleading, with the cases and notes, seem to be authority for the position that where the absent members would not be prejudiced by the decree, the court would act upon those known and named as defendants to quiet the questions raised rather than by refusing to act because all the members were not present, cause a failure to protect the rights of the plaintiffs in a case where no other tribunal could furnish an adequate remedy.

The demurrer will be sustained, and also the exceptions to the jurisdiction, and the motion to dismiss the bill be granted.