THOMAS C. CHAPPELL, trading as P. S. CHAPPELL &
SON *vs.* JAMES J. LACEY and WILLIAM R. BEATTY,
trading as JAMES J. LACEY & CO.

*Residence of Defendant—Place of Business.*

Under section 132 of Article 75 of the Code, which provides that
any person who resides in one county, but carries on a regular
business or habitually engages in any avocation or employment
in another county, may be sued in either county, a person resi-
ding in Baltimore County but carrying on a regular business in
Baltimore City, whether it be his principal business or not,
may be sued in such city.

APPEAL from the Court of Common Pleas.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., ROBINSON,
BRYAN, FOWLER, PAGE, ROBERTS, McSHERRY, and BRIS-
COE, J.

*W. Cabell Bruce*, for the appellant.

*D. Meredith Reese*, for the appellees.

BRYAN, J., delivered the opinion of the Court.

Lacey and others sued Chappell, trading under the
name and style of P. S. Chappell and Son. The suit
was brought in the Court of Common Pleas of Balti-
more City. After the return of the writ, the defendant
moved for a judgment of *non pros*, alleging that he was
a resident of Baltimore County. The plaintiffs treating
this motion as a plea in abatement, filed a replication,

Chappell *vs.* Lacey.

stating first, that the defendant carried on a regular business in Baltimore City; secondly, that he habitually engaged in an avocation or employment in Baltimore City.   The defendant rejoined, and in his rejoinder stated that the plaintiffs, at the time of the institution of this suit, had actual notice that the defendant was, and had always been, a resident of Baltimore County, and also stated that his principal business, avocation, and employment was carried on in Anne Arundel County. The plaintiffs demurred, and the Court sustained the demurrer, and entered judgment thereon.   The defendant appealed.

The Code, Article 75, section 132, provides that any person who resides in a county but carries on any regular business, or habitually engages in any avocation or employment in another county, may be sued in either county.   Of course, under the eleventh rule of interpretation, the City of Baltimore is included in this provision.   The section says nothing about the defendant's *principal* business.   If he carries on a regular business, or is habitually engaged in employments in several different counties, it might be impossible for any one, except himself, to determine which of the different occupations was his principal business.   The law has not imposed on plaintiffs the burden of this inquiry.   We regard the meaning of the section as very clear, and therefore must affirm the judgment.

*Judgment affirmed.*