## RICHARD CROMWELL, JR., *vs.* WILLIS & HOMER.

*Practice—Liability of a Defendant to Suit in a County Where he Carries on a Business.*

Code, Art. 75, sec. 132, provides that any person who resides in one county but carries on any regular business or habitually engages in any avocation or employment in another county, may be sued in either county. Defendant resided in a county but was the president of an active commercial corporation whose principal office was in Baltimore City. Defendant received no salary as president, but transacted the business of the corporation at its office. *Held,* that the defendant is liable to be sued in said city.

Appeal from the Court of Common Pleas (HARLAN, C. J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, SCHMUCKER and JONES, JJ.

*Arthur W. Machen* and *Arthur W. Machen, Jr.,* for the appellant.

The Act of 1888 is a statute conferring or extending jurisdiction, and should, therefore, according to established prin-

ciples, receives a strict construction.   For, although by the
common law of England, in the Courts of Westminster Hall,
whose territorial jurisdiction was co-extensive with the realm,
the defendant's place of residence was not material, yet this
rule, if, indeed, it ever applied to county Courts, either in Eng-
land or in Maryland, was at any rate abrogated here in very
early colonial times.   For, as early as 1728, it was expressly
provided by chapter 24 of the Acts of that year, substantially
in the language of the Code, Art. 75, sec. 132 (with the ex-
ception of the proviso introduced by the Act of 1888), that
no writ of *capias ad respondendum* (for which the writ of sum-
mons was substituted by the Act of 1852, ch. 76, sec. 1),
should issue against any inhabitant of the Province of Mary-
land "out of the county where he or she doth reside, for any
debt, damage or costs until the sheriff or coroner of the county
where such defendant shall reside shall have returned a *non
est inventus* on a *capias ad respondendum*   *   *   *   issued at
the request of the said person against the said defendant  *  *
provided always, that this Act or anything therein contained,
shall not extend to the benefit or advantage of any persons
that shall abscond or fly from justice in the county where they
live."   See also an even earlier statute, Act of 1714, chapter
4.   This principle, that with the exception of fugitives from
justice, no person shall be sued out of the county of his res-
idence, was reaffirmed by Acts of Assembly from time to time.
Code, 1860, Article 75, section 87.   *Hoffman* v. *Prout*, 4 H.
& McH. 165.   This time-honored right of inhabitants of Mary-
land was for the first time cut down or impaired by the Act of
1888, chapter 456.   Such an innovation is within the spirit of
the rule that statutes in derogation of the common law are to
be strictly construed, and within both the spirit and the letter
of the rule that statutes creating a new jurisdiction or enlarg-
ing the jurisdiction of Courts shall receive a strict construc-
tion.  *Bacon's Abr.*, Tit. Statute (I), 10 ; 23 *Am. and Eng. Enc.
Law* (1st ed.), p. 356, note 1.

In the first place, we submit that the Act of 1888 applies
only where the business carried on, or the avocation or em-

ployment engaged in, is the defendant's own business, avocation or employment—that is to say, where the defendant is a principal and not merely an agent for another. A mere agent—and an officer of a corporation is within the same rule—is not liable for debts contracted in the course of the business, and therefore his position should not in reason render him liable to suit at the place where the business is carried on. The mischief intended to be remedied by the Act of 1888 was that previous to that time a resident of one county might carry on business in another county, and there in the course thereof incur liabilities which his creditors could enforce—perhaps to their great inconvenience—only in the distant county where the debtor's homestead might be. But where the defendant is a mere subordinate or agent, acting on behalf of another person, this evil has uo existence ; and, therefore, taking into consideration "the old law, the mischief and the remedy" (1 *Black Com.*, 87), it is seen that the case is not within the Act of 1888.

This has been the construction in England of a very similar statute. *Graham* v. *Lewis*, 22 Q. B. Div. 1. That was an application for a writ of prohibition to restrain the London Mayor's Court from taking jurisdiction of an action against a resident of Lewisham. A statute had enlarged the jurisdiction of the Mayor's Court by providing that no plea to the jurisdiction should be received where the defendant should " carry on business within the city of London." The defendant in the action resided in Lewisham but was a clerk in a solicitor's office in London. It was held that he was not doing business within the city, and that the Mayor's Court had no jurisdiction. LORD ESHER, M. R., said : "I think that those words mean to describe a person managing and conducting his own, and not somebody else's business. He must either manage or conduct a business of his own, or the business which is managed or conducted for him must be his own. I am of the opinion that the words are not meant to apply to a clerk who assists another person to carry on his business."

The appellants, as officers of the corporation, were at most

mere agents. The business or avocation is the company's business or avocation, and not that of the appellants. The company alone is liable upon all debts and liabilities incurred in the course of the business; and the company may undoubtedly be sued thereon in Baltimore City. The connection, therefore, of the appellants with the corporation, upon the construction of the Act of 1888 demanded both by authority and by a consideration of the mischief designed to be remedied thereby, should not render them liable to suit in Baltimore City.

If it be said that the word "employment" denotes the state of being employed by another, our reply is that while the term might in a different connection be capable of that meaning, yet having regard to the principle *noscitur a sociis*, approved by this Court in *Lewis* v. *Fisher*, 80 Md. 139, 141, it is here used as a synonym of business, with which it is collocated. It has the reflexive sense of employing one's self rather than the passive sense of being employed by another. If, however, the latter were the meaning, the appellees' case would not be benefited, since it is well settled that an officer of a corporation is not an employee. *Baltimore City* v. *Lyman*, 92 Md. 611, 612.

The terms in the Act of 1888—"regular business," "habitual avocation or employment"—all, even in the broadest signification which it is possible for them to bear in this connection, denote a calling or occupation *for the purpose of a livelihood or profit*, within which definition the office of president or vice-president in this company, for reasons shortly to be stated, certainly does not fall.

A man who occupies a country-seat and mansion, and engages in farming and gardening for pleasure is not carrying on a "trade or business," even though he has occasionally sold his surplus products, since it is not done for the purpose of profit as a means of livelihood. *In re Wallis*, 14 Q. B. Div. 950.

Whatever services the appellants may have rendered this company, they were purely gratuitous and without hope of

compensation ; and, therefore, not being performed " for the purpose of profit as a means of livelihood" cannot constitute their regular business, avocation or employment.   If the appellants derive any profit from connection with the company, it must be as stockholders and not as officers ; yet none would contend that a mere shareholder is, under the Act of 1888, rendered liable to suit in the county where the corporation has its principal office.

Even if it could be assumed that Mr. Cromwell is not, as many corporation presidents are, a mere nominal officer or figure head—how can it be said that the performance of the legal incidents of this office—the presiding at directors' meetings and exercise of a general supervision over the affairs of the concern—constitute in any view a regular business or habitual avocation or employment?   But, if the case be clear as to the president, what shall we say as to the vice-president ? *Prima facie*, at least, he is a mere reserve force, unless the president be incapacitated.

*Wm. Pinkney Whyte*, for the appellees.

BRISCOE, J., delivered the opinion of the Court.

The record in this case contains three appeals from the Court of Common Pleas of Baltimore City, but the principal question on each appeal involves a construction of that part of sec. 132, of Art. 75, of the Code which provides " that any person who resides in one county, but carries on any regular business or habitually engages in any avocation or employment in another county, may be sued in either county."

The question arose in this way.   On the 7th of January, 1902, Messrs. George R. Willis and Francis T. Homer, of Baltimore City, law partners, doing business under the firm name of Willis & Homer, brought suit in the Court of Common Pleas, against Richard Cromwell, Jr., Charles Hammond Cromwell, appellants, and Joseph R. Wilson, Jr., and Charles F. Digges, who have refused to unite in this appeal, for professional services rendered to the defendants.   Thereupon a

writ of summons was duly issued to the Sheriff of Baltimore City and was returned endorsed "*summoned omnes.*"

On the 14th of January, 1902, the appellant Richard Cromwell, Jr., filed a motion that judgment of *non pros* be entered against him for the reason, that he was not at the time of the suit a resident of Baltimore City, but was a resident of Baltimore County; that no writ of summons had been sued out against him in that county and returned *non est;* that he does not carry on any regular business or habitually engage in any avocation or employment in Baltimore City. The case was heard upon the motion for *non pros*, and certain affidavits filed therewith. There was no other evidence and the record contains but one bill of exception and that embraces the rulings of the Court in overruling the motion and its refusal to enter the judgment of *non pros*.

According to the evidence in this case, as presented by the record, the appellant while a resident of Baltimore County, was engaged and employed as president of the Lafayette Mill and Lumber Company of Baltimore City, a corporation duly incorporated for the purpose of buying and selling millwork; that this company has its principal office in the Maryland Trust Building, Baltimore City, where the appellant attends for the transaction of its regular business, but receives no salary as such president. Briefly stated, it is contended upon the part of the appellant under the facts of the case that holding the office of president of a commercial corporation, without receiving a salary, is not carrying on a regular business or engaging in an avocation or employment, within the meaning and intent of sec. 132 of Art. 75 of the Code, so as to render him liable to suit in Baltimore City, and that the Court of Common Pleas was therefore without jurisdiction to hear and determine the case. In other words, as stated by the appellant in his brief, sec. 132 of Art. 75 of the Code, applies only where the business carried on, or the avocation or employment engaged in, is the defendant's own business, avocation or employment.

The obvious answer to this contention is, that the statute

does not so limit and restrict its application to the defendant's own business, but its broad language is, that any person who resides in one county but carries on any regular business or habitually engages in any avocation or employment in another county, may be sued in either county.

It can hardly be successfully urged that one who acts as president of a mill and lumber company, a corporation which is regularly engaged in buying and selling mill-work, is not carrying on a regular business, or engaged in a regular employment. The words of a statute must be given their plain, obvious and ordinary meaning, and it would be a narrow and restricted construction to place upon the statute now under consideration to hold that the defendant here was not within its spirit and meaning, because, forsooth, he served a company without compensation, or was not the sole and absolute owner of all the stocks or bonds of the company of which he was president. The phraseology and meaning of the Act before us we think is free from ambiguity and it manifestly applies as its language imports to any person who resides in a county and who carries on a regular business, or who regularly engages in any avocation or any kind of employment, in another county, or in the city of Baltimore.

In the case of *Tyler* v. *Murray*, 57 Md. 441, a case decided by this Court prior to the statute now under consideration, it was said in passing upon the question of residence for the purpose of civil process: "Each case must be decided upon the particular language of the statute and the circumstances giving rise to the question. To fulfill the intention and requirements of some statutes a commercial or business residence might be all the law requires; while to gratify the intention of another statute it may be necessary to hold residence to be more than a business residence and to mean all that the word domicile means in its strictest and most technical application." The statute construed in *Tyler* v. *Murray*, *supra*, was modified by the Act of 1888, ch. 456 and the 132 sec. of Art. 75 of the Code, now provides: "No person shall be sued out of the county in which he resides until the sheriff

or coroner of the county in which he resides shall have re-turned a *non est* on a summons issued in such county ; pro-vided, that nothing herein contained shall apply to any per-son who shall abscond from justice in the county where he lives, but such person may be sued in any county where he may be found ; and provided, further, that any person who resides in one county but carries on any regular business, or habitually engages in any avocation or employment in another county, may be sued in either county."

In the recent case of *Chappell* v. *Lacey*, 77 Md. 173, this Court, in passing upon this identical statute said : "The sec-tion says nothing about the defendant's principal business. If he carries on a regular business or is habitually engaged in several different counties, it might be impossible for any one except himself to determine which of the different occupa-tions was his principal business. The law has not imposed upon plaintiffs the burden of this inquiry." Finding no error in the rulings of the Court below, it will be affirmed.

*Rulings affirmed, with costs.*

(Decided January 15th, 1903.)