# THE NATIONAL BANK OF BALTIMORE

*vs.*

## GUY W. STEELE.

*Venue—Carrying on Business or Vocation.*

A federal official whose duties call him to Baltimore City, two days in the week, from the county where he resides and practices law, does not carry on any regular business in the city or habitually engage there in any avocation or employment, within Code, art. 75, sec. 147, so as to permit suit against him in the city.

*Decided June 26th, 1923.*

Appeal from the Baltimore City Court (STUMP, J.).

Action by the National Bank of Baltimore against Guy W. Steele. From a judgment for defendant, plaintiff appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, and OFFUTT, JJ.

*John Hubner Rice,* with whom was *John Hinkley* on the brief, for the appellant.

*Guy W. Steele,* for the appellee.

PATTISON, J., delivered the opinion of the Court.

In this case the appellant brought suit in the Baltimore City Court against the appellee, as endorser upon a promissory note given by William H. Baker to the appellant and endorsed by the appellee and others. The appellee having been summoned, appeared to the action *in propria persona* and filed two pleas.

In the first he alleged that at the time of the filing of the suit, he did not reside in the City of Baltimore, but resided at such time in Carroll County, and that no summons had been issued against him and returned *"non est"* in Carroll County.

In his second plea, he alleged that he did not reside in Baltimore City when the suit was instituted, nor did he carry on any regular business, nor was he habitually engaged in any avocation or employment in said city, but that he resided, at the time of the issuing of the summons in the case, in Carroll County, where he still resides, and that no summons had been issued against him and returned *"non est"* by the sheriff or coroner of Carroll County.

A demurrer was filed and sustained to the first plea, and the second was traversed, and after successive pleadings, issues were joined and the case proceeded to trial before the court, sitting as a jury.

The trial resulted in a judgment for defendant's costs, and from that judgment this appeal was taken.

The defendant, in his uncontradicted evidence, stated that at the time the suit was instituted he resided with his family in Carroll County, where he had lived all his life and where he had been practicing his profession since his admission to the bar at the age of twenty-one years.

He further stated that, in 1915, he was appointed by the President of the United States, Surveyor of Customs for the Thirteenth Custom District, which embraces Maryland and the District of Columbia, with headquarters in Baltimore City.

In Baltimore a room was assigned him in the Custom House, which he occupied, with his chief deputy, in the performance of his duty. He or his subordinates were at times required to visit Annapolis, Crisfield and Georgetown, and while at those places, the office of the deputy stationed thereat, usually in the post office building, was used by them.

The first month after his appointment, the appellee spent much of his time in Baltimore, organizing his force. After that, however, he went to the office in Baltimore two days in each week, generally on Wednesday and Saturday. The records of the office were kept in the room or rooms assigned to and occupied by him in the Custom House, and his mail, in most part, was addressed to him there, although some of it went to his home in Carroll County.

His duties, as stated by him, were to supervise what are known as "inspectors," whose duty it is to board vessels when they come into port, and to examine the cargoes to ascertain if they are free or dutiable, also to watch vessels at night to prevent smuggling.

The court, at the conclusion of the evidence, refused to grant either of the two prayers offered by the plaintiff.

The first of these prayers asked the court to say as a matter of law, that no legally sufficient evidence had been offered to sustain the plea and a verdict must be found for the plaintiff.

By the second prayer, the court was asked to say as a matter of law, that should it find the facts we have stated, which were specifically set out in the prayer, then the defendant was engaged in an avocation or employment within the statute and the verdict on the issue must be for the plaintiff.

The statute here invoked is sec. 147 of art. 75 of the Code, which provides that "any person who resides in one county, but *carries on any regular business or habitually engages in any avocation or employment in another county,* may be sued in either county," etc.

This statute has been before this Court for construction a number of times: *Chappell* v. *Lacy,* 77 Md. 173; *Gambrill* v. *Schooley,* 95 Md. 260; *Cromwell* v. *Willis and Homer,* 96 Md. 260; *Gemundt* v. *Shipley,* 98 Md. 657.

In *Gemundt* v. *Shipley, supra,* in which JUDGE SCHMUCK-ER delivered the opinion of the Court, the defendant was sued by the plaintiff to recover damages for the death of his infant son, whose death was caused by the caving in of a

sand bank located on land in Baltimore City, owned by the defendant, who was charged with negligence in allowing the sand bank to be in a dangerous condition on an open lot, which he permitted the children of the neighborhood to use as a play ground.

The defendant set up the defense that he was not a resident of Baltimore City and neither carried on any regular business, nor was habitually engaged in any avocation or employment in that city, but that he resided in Frederick County. The court, after hearing the facts offered upon the issue as to the jurisdiction of the court to hear the case, which we need not state here, decided in favor of the defendant, and in speaking of the meaning of the statute said, "the regular business or habitual avocation or employment contemplated by sec. 132 of art. 75 of the Code (1888), which renders the person engaged therein liable to be sued in the county in which it is carried on, is a fixed occupation connected with some of the branches of trade, industry or commerce, or the continuous pursuit of some calling or profession, such as is ordinarily engaged in as a means of livelihood or for the purpose of gain or profit."

By the uncontradicted evidence in the case, the appellee was, at the time of the institution of this suit, a resident of Carroll County, where he had for many years practiced his profession from which he had acquired a livelihood, and he at such time had no business, avocation or employment in the City of Baltimore, unless the performance of his official duties as Surveyor of Customs can be so regarded.

That it was not a regular business is shown from the fact that it was not "a fixed occupation connected with some of the branches of trade, industry or commerce," and it would seem that the appellant shared in this view, for in his prayer he does not ask the court to hold, if it found the facts mentioned in it to exist, that the appellee was carrying on a "regular business," but the court is simply asked to hold upon such

finding that he was engaged in an avocation or employment within the statute.

In our opinion the court was right in refusing this prayer, for the facts mentioned do not, we think, warrant the conclusion that the appellee at the time was "habitually engaged in some avocation or employment" in the City of Baltimore, for it cannot be said that he, while performing his official duties, was "in the pursuit of some calling or profession such as is ordinarily engaged in as a means of livelihood or for the purpose of gain or profit."

To hold that he, a federal official whose duties called him to the City of Baltimore only two days in each week, was "carrying on a regular business" or was "habitually engaged in an avocation or employment" within the meaning of the statute would be, we think, extending the meaning of the statute far beyond what was intended by the Legislature that passed it, and would be giving to it a construction that has never been recognized or acted upon by the bar of this State during the many years since its passage.

If the statute was given the construction contended for by the appellant, it would not only apply to the Surveyor of Customs, a federal office, but also to the members of the State Boards and other officials of the State who are, at times, called from their homes to Baltimore City or elsewhere in the State, to perform some of, or all, the duties imposed upon them in connection with their office. This, we think, is not the meaning of the statute, nor was it ever so intended.

As we entertain the views we have expressed, the judgment appealed from will be affirmed.

*Judgment affirmed, with costs.*