DODGE PARK ENTERPRISES, INC. *v.* WELSH,
Jr., et al.
[No. 209, September Term, 1964.]

*Decided March 2, 1965.*

The cause was argued before HAMMOND, HORNEY, SYBERT and OPPENHEIMER, JJ.

*Henry J. Noyes* for appellant.

*James K. Foley* for appellees.

HAMMOND, J., delivered the opinion of the Court.

Suit was filed in Montgomery County, against three lawyers whose office is in Prince George's County, to recover damages claimed to have resulted from the inaccurate and negligent preparation of various deeds. The declaration, in justification of the bringing of the suit in Montgomery County, alleged that the defendant lawyers were a partnership which "* * * engaged in the general practice of law throughout the State of Maryland, and in particular, in Montgomery and Prince George's County * * *." The defendants challenged the venue, pursuant to Md. Rules 323 a 3 and 323 c, by moving to dismiss the action on the grounds that each of them was a resident of Prince George's County and maintained an office in that County only, and that the acts complained of all took place in that County. An affidavit certifying the truth of the allegations in the motion was filed with it. After hearing argument on the pleadings Judge Anderson granted the defendants' motion to dismiss the case.

At common law a plaintiff could bring a transitory action, such as that in the present case, in any county he might choose. *2 Alexander's British Statutes,* Coe's Ed. 659; *Alcarese v. Stinger,* 197 Md. 236, 244-245. The Legislature modified the common law rule to provide in Code (1957), Art. 75, Sec. 75, that a person is not to be sued "out of the county in which he resides" with, among others, the exception, here pertinent, that "* * * any person who resides in one county but carries on any regular business, or habitually engages in any avocation or employment in another county, may be sued in either county * * *."

This Court has held that the words "avocation" and "employment" in the applicable statute were used synonymously, *McCormick v. Hullcoat,* 174 Md. 493, and that one who engages regularly in business in one county may be sued there even though his principal place of business is in another county, *Chappell v. Lacey,* 77 Md. 172. The appellees relied below and rely here on *Bank of Baltimore v. Steele,* 143 Md. 484. There the defendant, a lawyer who practiced largely, if not almost entirely, in Carroll County, was named by the President of the United States to be Surveyor of Customs for Maryland and the District of Columbia, with headquarters in the Custom House in Baltimore. He spent part of each Wednesday and Saturday there. Suit was filed against him in Baltimore. The Court held he was not amenable to suit in Baltimore, apparently, as pointed out in *Davidson Transfer Co. v. Christian,* 197 Md. 392, 396, because "the court seems to have construed the statute as not covering employment in public office." The opinion in *Steele* stressed that "the regular business or habitual avocation or employment" contemplated by the statute included "* * * the continuous pursuit of some calling or profession, such as is ordinarily engaged in as a means of livelihood or for the purpose of gain or profit" (This language was first used in *Gemundt v. Shipley,* 98 Md. 657, 661).

The allegation of the plaintiff that the defendants were engaged in the general practice of law in Montgomery County was not denied by the defendants in their motion to dismiss for improper venue or in their affidavit in support of the motion. They claimed only that they lived and maintained their law office in

Prince George's County. These are not sufficient reasons to defeat venue in Montgomery County for, if the defendants habitually engage in the practice of law in that County, as the plaintiff claims, they are subject to suit there, even if their office is in Prince George's County. *Chappell v. Lacey, supra.* No transcript was made of the hearing on the pleadings before Judge Anderson. Counsel for the appellant told us at the argument that he had then proffered to prove by two deputy clerks of court (a summons for one is in the record), who were present in the court house, waiting to be called, that the defendants did habitually practice law in Montgomery County but that Judge Anderson would not hear the proffered testimony. Counsel for the appellees did not dispute the statement nor did he deny that his clients did regularly practice law in Montgomery County.

We think the order appealed from, dismissing the suit, was improvidently passed and will remand the case, without affirmance or reversal, under Md. Rule 871 a, for further appropriate proceedings, including a determination on the facts, as to whether the defendants regularly pursue their profession as lawyers in Montgomery County.

> *Case remanded, without affirmance or reversal, for further proceedings appropriate under the opinion herein, costs to be paid by appellees.*