THE NORTHERN CENTRAL RAILWAY COMPANY, Garnishee of HENRY W. SHEALEY and A. SELLERS *vs.* EDWARD RIDER, JR.

*Question as to Regularity of proceedings in Attachment—How process is to be served on a Corporation—The attorney of a Corporation not an "officer" on whom a Writ of Attachment may be served—Practice.*

The mode provided by the Code, Art. 75, sec. 99, and the Act of 1868, ch. 47, sec. 212, for serving process on a corporation is, that it shall be served on "the president, or any director, or manager, or other officer of the corporation." Under proceedings in attachment in which the sheriff's return stated that he laid the attachment "in the hands of the Northern Central R. R. Co , and summoned company as garnishee," it was HELD :

That the law having designated the character of agents on whom process shall be served, it ought to appear affirmatively by the sheriff's return upon what person or persons the writ was served, so that the Court could determine whether the service was upon the company.

The sheriff also stated in his return "service admitted by counsel," and appended thereto was the memorandum "May 30th, 1874, service admitted for the Northern Central R. R. Co., garnishee," signed "B. C. attorney for N. C. R. R. Co." On the first day of the Term of the Court to which the attachment was made returnable, a judgment of " condemnation *nisi*" was entered against the garnishee, and at the following Term an order was passed by the Court, reciting the order of condemnation *nisi* and making the same final, there being as stated in the order "no appearance of counsel

Northern Cent. Railway Co., Garn. *vs.* Rider.

and no pleas having been filed." Upon a motion by the garnishee at the succeeding Term to strike out the judgment of condemnation, it was HELD:

1st. That the attorney of the company was not one of its officers within the meaning of the Code.

2nd. That a service on the attorney would not have the effect of bringing the corporation into Court so as to give the Court jurisdiction over it.

3rd. That the admission of service by the attorney could not have a greater effect than the actual service on him.

4th. That the admission or memorandum signed by the attorney and returned with the writ must be construed as a waiver of service on the company, and a consent by the attorney to appear voluntarily in the cause for the garnishee.

5th. That the authority of the attorney to waive service and give such consent will be presumed.

6th. That it was proper therefore at the return of the writ, that the appearance of the attorney for the garnishee should have been entered, and the case must be considered as if the appearance had been so entered.

7th. That under the Code Art 10, sec. 13, if the garnishee appears at the return of the attachment, judgment of condemnation cannot lawfully be then entered.

8th. That in this case the judgment was prematurely entered and the subsequent order of the 2nd of January, 1875, founded thereon, was erroneous.

The order of the Circuit Court refusing to strike out the judgment being reversed by this Court, the case was remanded to the end that the judgment might be stricken out and the regular continuances entered, and the garnishee be allowed to plead, and that such further steps might be taken, as might be necessary to a trial of the cause upon its merits.

APPEAL from the Circuit Court for Baltimore County.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BRENT, GRASON, ALVEY and ROBINSON, J.

*Bernard Carter,* for the appellant.

The judgment of condemnation *nisi,* entered on the 14th September, 1874, was irregular, unauthorized, null and void, and should be struck out. If this proposition be correct, it will necessarily follow, that the order of January 2nd, 1875, purporting to make said judgment *nisi* final, must fall, with the fall of the judgment *nisi* which it purports to make final.

Was then the judgment of condemnation *nisi* of the 14th of September, 1874, irregular, unauthorized, null and void?

The record shows, that the only service that was made of the writ of attachment, was made by serving it upon the attorney for the Northern Central Railway Company, the garnishee.

It is very clear, that, in order to make service on a corporation possible, some representative of said corporation must be by law specified as the one on whom the service is to be made, as the corporation being an artificial being, no service could be made on it, except through the instrumentality of a representative of the corporation. Accordingly the Maryland Code provides and specifies how "process" shall be served on corporations. Such "process" may be "served on the President, or any director, or manager, or other officer of such corporation." *Code, Art.* 75, *sec.* 99; *Suppt. of* 1868, *Art.* 26, *sec.* 210.

It is settled law in Maryland, that the word "process," as here used, applies to the service of writs of attachment on a corporation as garnishee. *Boyd vs. C. & O. C. Co.* 17 *Md.,* 210.

The Act of 1832, ch. 306, sec. 5, which is the law which is the subject of construction in said case, is codified in the above mentioned 99th sec. of Art. 75 of the Code.

It is also settled law in Maryland, that proceedings in attachment "are in virtue of a special limited jurisdiction, conferred on the Court, and that it must appear,

*from the inspection of proceedings,* that everything has been done which the law required as the basis of the authority that has been exercised." *Boarman vs. Israel,* 1 *Gill,* 381; *McCoy vs. Boyle,* 10 *Md.,* 397.

It follows from the foregoing well settled principles, that the return of the sheriff of his service of the writ of attachment, must *affirmatively* show that he served the writ on some person as the representative of the corporation, upon whom he was authorized to serve it by the above cited provisions of the Code.

Referring then to the return of service of the writ of attachment in the present case, as made by the sheriff, it is plain, that unless it is to be construed, as a service on the company, *by service* on its attorney, it is not shown by said return that there was any service on said company at all; because, unless it is so construed, the return does not show on whom said writ was served, and as the above cases show that the proceedings must *on their face affirmatively* show compliance with the law, and as the law specifies on whom service may be alone made, it is clear that the return must on its face show on *what* representative of the company service was made.

The question then arises whether the service of the writ of attachment on the attorney of the N. C. R. R. was a compliance with the provisions of the Code, section 99, Art. 75, or section 210, Art. 26, in supplement 1868.

It is very certain, that its attorney of record, is not one of the persons upon whom, under said sections of the Code, service can be made of "process" to bind said company. He is neither the president, director, manager, nor other officer of the said company. He is simply an attorney at law, acting as such for said company in the trial of its cases. Service upon him therefore was no valid service upon the corporation under said sections of the Code, to bring it into Court and to give said Court jurisdiction over said company, and to authorize a judgment

to be entered against it. But the counsel for the appellant does not desire an interpretation to be placed upon his endorsement on the writ, which would make the same meaningless, or deprive the appellee of any right which he could legitimately found thereupon.

Now, although in order to bring into Court, a defendant or garnishee, (which so far as this point is concerned is the same thing,) *process* must be duly served on the defendant or garnishee as the case may be, if he stands and insists on his rights, yet such defendant or garnishee, whether an individual or corporation may *waive* this right, and *voluntarily* appear to the suit, by directing an *attorney to appear* for him or it, as the case may be. Such direction, to an attorney, and the *appearance of the attorney* for such defendant or garnishee, in accordance therewith, will bring the defendant or garnishee into Court to all intents and purposes as if process had been regularly served.

But in this event, the party is in Court, *because* the attorney appears for him or it; and *only because* of this appearance of the attorney being entered for the party. The admission of service therefore by the counsel for the appellant, of the writ of attachment, for the N. C. R. R. Co. in this case, was, when legally and fairly interpreted, an *order to enter the appearance* of the counsel for the N. C. R. R. Co. This much, and *this much only*, the attorney had the right to do.

Being the attorney of the company, the Court will presume that he had been authorized to appear for it, and so the appearance of said attorney, was practically ordered by this admission of service. Except for the purpose of entering his appearance, the attorney had no right to admit service, and so bind the company.

It follows from the foregoing, that there was an appearance for the N. C. R. R. Co. as garnishee in this case. It equally follows, that there being such appearance, the

entry of the judgment of condemnation *nisi* on 14th September, 1874, (which was the return day of the writ,) was erroneous. This is clear, as the only cause for such a judgment, is *want* of appearance of the garnishee. *Art. 10, sec. 13, of the Code; Evans' Practice*, 137.

Having appeared, he had a right to plead. *Evans' Practice*, 139, 147. And a "rule plea" was necessary. *Spear vs. Griffin*, 23 *Md.*, 431.

All defects in proceedings in attachment can be taken advantage of, even if first taken in the Court of Appeals, and the proceedings must on their face show strict compliance with the requirements of the law. *Evans' Practice*, 128; *Stone vs. Magruder*, 10 *Gill & J.*, 385; *Boarman vs. Israel*, 1 *Gill*, 373; *Risewick vs. Davis*, 19 *Md.*, 82.

*Wm. S. Keech*, and *J. T. B. Dorsey*, for the appellee.

The order of the Court below overruling the motion to strike out the judgment, was correct, and the judgment complained of and appealed from must be affirmed.

The reason first assigned by the appellant, is virtually a plea in abatement, and it comes too late. Mr. Evans says, (*Evans' Practice*, 237,) "it is also a rule in Maryland that no dilatory plea can be received after the rule day, unless the fact upon which it is founded occurred after the rule day." *Whittingham vs. Farmers' Bank*, 5 *H. & J.*, 491, 499; 2 *Will. Saunders*, 2, *note* 2; *Evans' Practice*, 239.

Here this plea was not made until about a month after the third term had begun, and upwards of *ten* months after admission of service of writ by the appellant's attorney. It comes, therefore, too late. The appellant, if such plea could be pleaded after admission of service of writ by its attorney, (which the appellee submits it could not do,) ought to have pleaded it at the September Term of Court; it was not done until late in the March Term—

the December Term having intervened; the appellant has been guilty of *laches*, and under no circumstances would a Court admit such a plea after such a lapse of time, still less would it strike out a judgment for any such reason. *Walters and Harvey vs. Munroe*, 17 *Md.*, 501; *Graff & Gambrill vs. Merchants and Miners' Transportation Co., Garnishee of Bernard*, 18 *Md.*, 364.

. The second reason assigned by the appellant for striking out the judgment is equally untenable; the learned counsel for the appellant says the attachment was not served on any officer of the appellant; the plaintiff's return, which is *prima facie* true at all events, in effect says it was; but whether served on an officer of the company or not, the appellant is estopped from raising that point for the reasons given above, and also because service of the writ being admitted by the appellant's counsel, it cannot now question the validity of such admission. The counsel is not right in saying that if the appearance is to be considered as entered, then no such judgment was authorized. In order to prevent condemnation, the defendant or garnishee must "appear at the return of the attachment and show sufficient cause to the contrary," otherwise "the Court *shall* condemn the said property and *credits* so attached and award execution thereof." *Code, Art.* 10, *sec.* 31; see also *secs.* 17 *and* 18 *of same Art.*

BARTOL, C. J., delivered the opinion of the Court.

Edward Rider, Jr., the appellee, having recovered a judgment, in the Circuit Court for Baltimore County, against Shealey & Sellers, caused a writ of attachment thereon to be issued on the 30th day of May 1874, returnable to the September Term 1874. On the 27th day of August 1874, the writ was returned as follows:

"Laid in the hands of the Northern Central Rail R. Co., and service admitted by the counsel, and summoned Co. as garnishee. SAM'L F. BUTLER, Shff."

"May 30th, 1874. Service admitted for the Northern Central R. R. Co., garnishee.

"BERNARD CARTER, Atty. for
"N. C. R. R. Co."

On the 14th day of September 1874, being the first day of the succeeding term, "*condemnation nisi*' was entered, against the appellant as garnishee; and at the succeeding December Term on the 2nd day of January 1875 an order was passed by the Circuit Court in the case, reciting the order of condemnation *nisi*, and making the same final," there being, as stated in the order, "no appearance by counsel and no pleas having been filed." At the succeeding March Term, viz., on the 5th day of April 1875, the appellant by its counsel, filed a motion to strike out the judgment of condemnation, setting out the reasons in support of the motion, this was overruled; and this appeal is taken from the order refusing to strike out the judgment.

One ground or reason alleged in support of the motion is "that the attachment was not served on any officer of the corporation."

The mode required by law, of serving process upon a corporation, is that it shall be served on "the president, or any director or manager or other officer of such corporation." 1 *Code, Art.* 75, *sec.* 99; *Act of* 1868, *ch.* 47, *sec.* 212.

The sheriff states in his return that he laid the attachment "in the hands of the Northern Central Rail R. Co. and summoned Co. as garnishee." It is very questionable whether this, standing alone, would be a sufficient return. It ought to appear affirmatively upon what person or persons the process was served, so that the Court could judge whether it was in law a valid service upon the company, otherwise that would be left to depend upon the judgment or discretion of the sheriff. A return that process had been served on the corporation and the company sum-

moned, does not show that the law has been complied with, the corporation is a mere entity existing in the mind, and can neither act itself, nor be affected by legal proceedings except by and through its authorized agents. The law having designated the character of the agents on whom process shall be served, in order to bind the corporation, it ought to appear affirmatively by the sheriff' return, upon what person or persons the writ was served, so that the Court could determine whether the service was upon the company.

The sheriff states in his return "service admitted by counsel" and appended thereto is the memorandum above stated signed by Mr. Carter, attorney for N. C. R. R. Co. admitting service for the company garnishee. What then is the effect of this admission? If it means that service on the company was made by service on the attorney, it is very clear that it would not be sufficient to bind the company; because the counsel is not an officer of the company within the meaning of the Code. A service on the attorney would not have the effect of bringing the corporation into Court, so as to give the Court jurisdiction over it. "The admission of service by the attorney cannot have a greater effect than the actual service on him." *Leglise vs. His Creditors*, 3 *Con. La. Rep.*, 283 ; *Masterton & Hoyt vs. Le Claire*, 4 *Minn.* 163.

But the admission, or memorandum signed by the attorney and returned with the writ, is not altogether nugatory. It must be construed as a waiver of service on the company, and a consent by the attorney, whose authority for that purpose will be presumed, to appear voluntarily in the cause for the garnishee. *Baxter, et al. vs. Arnold, et al.*, 9 *How. Pr. R.*, 445. It was proper therefore at the return of the writ, that the appearance of the attorney for the garnishee should have been entered. That being the plain meaning and intention of the attorney's admission, and the case must be considered as if the appearance

had been so entered. This being so, it follows that the entry of the judgment on the first day of the Term was erroneous. The Code says "If neither the defendant nor the garnishee in whose hands the property or credits may be attached shall appear at the return of the attachment, the Court shall and may condemn," &c. *Art.* 10, *sec.* 13. But if the garnishee appears, judgment of condemnation cannot lawfully be entered at the return of the writ. In this case the judgment was prematurely entered, and the subsequent order of the 2nd day of January 1875 founded thereon was erroneous.

For these reasons, the order of the Circuit Court refusing to strike out the judgment of condemnation will be reversed, and the cause will be remanded, to the end that the judgment may be stricken out and regular continuances entered, and the garnishee be allowed to plead, and that such further steps may be taken as may be necessary to a trial of the cause upon its merits.

*Reversed and remanded.*

(Decided 15th June, 1876.)