## KIKAS ET UX. *v.* COUNTY COMMISSIONERS OF BALTIMORE COUNTY ET AL.

[No. 196, October Term, 1951.]

*Decided June 13, 1952.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*H. Richard Smalkin,* with whom were *Smalkin & Hessian* on the brief, for the appellants.

*James A. Pine, County Solicitor for Baltimore County,* with whom was *Walter R. Haile, Assistant County Solicitor,* on the brief, for the appellees.

MARBURY, C. J., delivered the opinion of the Court.

This case originated on the equity side of the Circuit Court for Baltimore County by the filing of a bill of complaint by the appellants against the appellees. The case comes to us in a somewhat confused state, owing to the unusual method of procedure adopted by the appellees. They filed a demurrer to the bill, which was overruled. They failed to file an answer, and a decree pro confesso was taken against them. Thereupon, the case was set down for hearing. At the hearing, the appellees were present through their counsel, but did not ask leave to file an answer, nor did they make any attempt to file one. The court did not limit the testimony to the dam-

ages, as suggested by the complainants, but went into the details of the complaint. The witnesses were cross-examined by counsel for the appellees and at least one witness was produced on their behalf. The case was apparently heard as if the appellees had answered denying the material allegations of the bill, and the decree pro confesso was entirely disregarded. The chancellor filed a decree dismissing the bill of complaint, and from this decree the complainants appealed.

The defendants could not have appealed immediately from the order overruling the demurrer, but that ruling is made reviewable on appeal from the final decree (Rules Respecting Appeals, 6A). The defendants did not appeal from the final decree because it was in their favor, but if the complainants did not state a proper case in their bill of complaint, and the demurrer should have been sustained, then the case proceeded erroneously to a final decree, no matter in whose favor it was rendered. The correctness of the ruling on the demurrer, therefore, is immediately before us on this appeal.

The bill of complaint alleges that the appellants own a tract of land containing 43½ acres in Baltimore County, which they leased to the existing County Commissioners of Baltimore County (not the present ones) on August 1, 1950, for a term of five years at an annual rental of $2,400, with the option to the Commissioners to renew the lease at the expiration of its original term for an additional term of five years upon the same terms and conditions. The lease also gave the County Commissioners the right to terminate at any time on six months notice in writing. The purpose of the lease is contained in a single paragraph which reads as follows: "It is understood and agreed that the Lessee shall have the right to use said property for the purpose of disposing of garbage, trash and other refuse by the santiary-fill method and to permit others to deposit such material on said property with its permission." Complainants allege that the lease is invalid because the term is in excess of seven years, and it was not executed, acknowledged

and recorded in accordance with the provisions of Article 21, Sec. 1, of the Code. Paragraph 4 of the bill is as follows: "That it was specifically understood and agreed by and between the Complainants and the predecessor County Commissioners of Baltimore County and their duly appointed agents, that said County Commissioners of Baltimore County, as Lessee, should only have the right to place garbage, trash and other refuse on said demised premises, *and it was specifically agreed that all other rights and uses in and to the land and its avails thereon, including specially the right to salvage, were to belong solely and exclusively to the Complainants, as Landlords and Lessors.*" (Emphasis supplied.) It is further alleged that, in accordance with the terms and provisions of the aforementioned lease, "and specific understanding" between the parties, the County Commissioners used the demised land solely for the purpose of disposing of garbage and trash, and the complainants, from August 1, 1950, until March 10, 1951, obtained salvage from said garbage and trash; that this right of salvage was vested in the complainants by "virtue of the agreement between Complainants and the predecessor County Commissioners of Baltimore County, as hereinabove mentioned". The further allegation is made that on March 10, 1951, in violation of this agreement, the present board of County Commissioners, the defendants, arrogated to themselves an exclusive right of salvage, and forcibly excluded the complainants from the land and entered into an agreement with another respondent to permit him to obtain salvage. The court is requested to issue an injunction restraining the Commissioners from interfering with the complainants in the exercise of their exclusive right to obtain salvage from the garbage,, etc., an accounting for losses and damages is asked, and, in the alternative, the court is asked to declare the lease void and invalid.

The agreement of August 1, 1950, was not a valid lease because it was not in accordance with Article 21, Sec. 1, of the Code. The appellees, therefore, held from

year to year on the same terms and conditions as provided in the lease, with the exception of the duration. *Hyatt v. Romero,* 190 Md. 500, 58 A. 2d 899. *Darling Shops Delaware Corp. v. Baltimore Center Corp.,* 191 Md. 289, 60 A. 2d 669, 6 A. L. R. 2d 677. However, in equity such an invalid lease will not be held void, but will be considered as an agreement to lease, and the execution of a valid lease in accordance with its terms will be enforced. *Thompson v. Thomas & Thompson Co.,* 132 Md. 483, 104 A. 49. The writing of August 1, 1950, is therefore a valid agreement to lease, and like all other written agreements, it must contain all of the terms and conditions at which the parties have finally arrived. It cannot be varied or changed by parol evidence, (*Markoff v. Kreiner,* 180 Md. 150, 154, 23 A. 2d 19; *Hoffman v. Chapman,* 182 Md. 208, 210, 34 A. 2d 438) and if it is plain and unambiguous, as it is, its provisions cannot be explained by parol testimony. *Insley v. Myers,* 192 Md. 292, 64 A. 2d 126. *Weinberg v. Baltimore & Annapolis Railroad Co.,* 200 Md. 160, 88 A. 2d 575.

On the face of the bill, there is no allegation as to how the agreement, giving the right of salvage, set out in Paragraph 4, was made. It is not included in the provisions of the agreement of August 1, 1950, and, therefore, it must have been by another agreement, made at some other time, or in some other way. There could have been another *written* agreement which gave the complainants this right, but it is not contended that there was such an agreement in writing. The complainants are relying on what they contend was a collateral oral agreement. The three requisites of such an admissible agreement are (1) that it must be an independent agreement, separate and distinct from the main contract, (2) that it must be consistent with the provisions of that contract, and (3) that it must be such an agreement as the parties could not reasonably be expected to embody in the main contract, and would naturally make a separate agreement. *Markoff v. Kreiner, supra,* 180 Md. 155-156, 23 A. 2d 19.

An agreement that the appellants were entitled to salvage from the garbage and refuse deposited on their land by the appellees would not be separate and distinct from the contract which had to do with the deposit of the articles to be salvaged. It would be clearly such an agreement as the parties would reasonably and naturally embody in the garbage and refuse agreement. There could, therefore, be no oral agreement with respect to this garbage and refuse or its salvage which would be collateral to the written agreement. Any such agreement would be merged in the written instrument which is plain and unambiguous, and parol testimony could not be heard to vary or explain its terms.

Since the written agreement contains no provision permitting the appellants to salvage from the garbage and refuse, since no separate written agreement is claimed or alleged, and since any oral agreement to that effect would not be collateral to the original agreement, and therefore could not be proved, we think the bill of complaint was fatally defective, and that the demurrer to it should have been sustained. The chancellor reached the same conclusion by a different method, and for different reasons, but since his conclusion was correct, the decree will be affirmed.

*Decree affirmed with costs.*