ELLIS, ET UX. *v.* BAILEY, ET UX.

[No. 209, September Term, 1967.]

*Decided May 1, 1968.*

The cause was argued before HAMMOND, C. J., and HORNEY, McWILLIAMS, FINAN and SINGLEY, JJ.

*William R. Scannell* for appellants.

No brief filed on behalf of appellees.

PER CURIAM.

In February 1965 appellees (Bailey) acquired a ½ acre lot on White Neck Creek in St. Mary's County. It is designated

592

lot #4 on the plat hereinafter mentioned. In December of the same year Bailey sued appellants (Ellis), the owners of lot #2, alleging in the bill of complaint that Ellis "through spite" had barricaded a "road-way" used by Bailey's predecessors in title "for the past 50 years" thereby denying Bailey access to the public road. Both temporary and permanent injunctions against such interference were prayed. Ellis, answering promptly, denied all allegations except Bailey's ownership of lot #4.

A hearing before Dorsey, J. took place in August 1966. Counsel for Bailey offered an old plat (1938) showing 5 lots and little else, invited the chancellor to view the premises and then rested. Ellis, his wife and Betty Ann Whitnower, their daughter, testified, but reading their testimony is somewhat like having an extended conversation with Mr. Charles Dillon Stengel.[1] Perhaps it all made sense to those present in the courtroom but we find the testimony, in large part, utterly incomprehensible. However, one noteworthy fact came to light during the hearing; viz., the owners of lot #3, through which the "road-way" passed, were not made parties. Counsel for both parties agreed this ought to be done. Apparently the chancellor visited the property that same afternoon.

Ten months later, upon the petition of Bailey, the owners of lot #3 were made parties defendant. On the same day, 15 June 1967, the chancellor signed a decree declaring that a "way of necessity," although implied, had been "inadvertently left out of the deeds and plat" and establishing a 20 foot easement across lots #2 and #3. The cost of "clearing and grading"

---

1. Born 1891. In the world of professional baseball, known as "Casey" Stengel. Once, while manager of the New York Yankees, questioned about his batting order, he came forth with an example of the devious and irrelevant manner of speech for which he was noted:

"Well, I'd be battin' the big feller if they wasn't ready with the other one, but a left-hander would be the thing if they wouldn't have knowed it already, because there is more things involved than could come up on the road even after we been home a long time." Norton Mockridge, New York World-Telegram & Sun, 21 September 1964, by permission United Feature Syndicate.

was put upon the owners of "the servient lots." Ellis, after employing new counsel, noted an appeal. Bailey did not appeal nor did he file a brief in this Court.

Doubtless this is a dispute which ought to be resolved. However, the record sustains neither the existence nor the location of an easement by prescription, which was all Bailey actually claimed. Moreover, we cannot tell whether the evidence really does support a way of necessity 20 feet, or less, in width. Therefore, agreeable with the provisions of Maryland Rule 871 a, we shall remand the case for further proceedings. Perhaps the first order of business should be the preparation of an adequate and informative plat showing, or upon which can be shown, the respective contentions of the parties. The bill of complaint ought to be amended so as to raise the issue of necessity and to include the owners of lot #3. After whatever additional pleadings the parties may find necessary or advisable, the chancellor will surely want to hear further testimony which, we hope, will be clear, unequivocal and comprehensible.

> *Case remanded pursuant to Maryland Rule 871 a without affirmance or reversal for further proceedings not inconsistent with this opinion.*
> *Costs to abide the result.*