BAKAS ET AL. *v.* MARJEC, INC. ET AL.

[No. 244, September Term, 1974.]

*Decided June 26, 1975.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and O'DONNELL, JJ.

*Gus Bakas* and *Richard Baldwin Moore,* with whom was *George Psoras* on the brief, for appellants.

*Peter R. Hartogensis,* with whom were *Wheeler & Korpeck* on the brief, for appellees.

SINGLEY, J., delivered the opinion of the Court.

This is an appeal from a judgment entered by the Circuit Court for Montgomery County in favor of Marjec, Inc., and Don R. Lamborne (hereinafter collectively referred to as Marjec) against Gus Bakas and George Psoras in the amount of $22,800.00 (which included interest and an attorney's fee) and costs on a note for $20,000.00 executed on 29 April 1971, due 28 April 1973, payment of which was in default.

Bakas and Psoras have appealed, primarily relying upon the narrow issue of venue. It would seem that the note in question was executed in Olney, which is in Montgomery County. However, when suit was instituted, Marjec, the

obligee on the note, believed Bakas to be a resident of Baltimore City and Psoras, a resident of Baltimore County.

Relying on Maryland Code (1974), Courts and Judicial Proceedings Article § 6-201 (b):

> "*Multiple defendants.* — If there is more than one defendant, and there is no single venue applicable to all defendants, under subsection (a),[1] all may be sued in a county in which any one of them could be sued, or in the county where the cause of action arose,"

Marjec brought suit in Montgomery County, where the note had been executed, alleging that both defendants were regularly engaged in business in Montgomery County.

After several unsuccessful attempts, both Bakas and Psoras were ultimately served with process in Baltimore County. Represented by the same counsel, the defendants, pursuant to Maryland Rule 323, filed identical motions with the circuit court raising preliminary objection on grounds of improper venue. The motions, which relied on Courts Article § 6-201, recited that each movant was neither a resident of Montgomery County, nor was employed in Montgomery County, nor carried on a business or vocation there. Identical affidavits were also filed stating that each affiant was a resident of Baltimore County and regularly conducted his business there and did not carry on a business or vocation in Montgomery County.

Marjec responded with identical answers to the motions which averred that the note had been executed at Olney in Montgomery County and that the multiple defendants, as alleged in the declaration, transacted business in that county. Marjec cited Courts Article § 6-201 as authority for its contention that the motions raising preliminary objection should be denied. Both motions raising preliminary objection were overruled and the trial court later entered

---

1. This subsection stipulates that generally "a civil action shall be brought in a county where the defendant resides, carries on a regular business, is employed, or habitually engages in a vocation."

summary judgment in favor of Marjec against Bakas and Psoras. This appeal followed.

While Bakas and Psoras have an armory of contentions, there is only one with which we need to be concerned — whether it was proper, under the facts of this case, for the trial court (Fairbanks, J.) to overrule the motions raising preliminary objection and enter judgment. We are satisfied that this was clearly improper.

In the past, this Court has addressed itself to the importance of proper venue, in order that defendants may avoid the necessity of defending an action in counties distant from their homes or places of employment, *Zouck v. Zouck,* 204 Md. 285, 104 A. 2d 573 (1954). It has also been held that a defendant who is sued in the county of his residence is not entitled to have summons quashed when he moves to another county, *Stembler v. Wilson,* 175 Md. 667, 3 A. 2d 759 (1939). We have noted, too, that a defendant's right to insist on proper venue is a substantial one:

> "The privilege of a defendant to be sued only in the county of his residence is a substantial right not to be denied except in strict compliance with the exceptions established by law." *Capron v. Mandel,* 250 Md. 255, 260, 241 A. 2d 892, 895 (1968).

Marjec in its declaration alleged that Bakas was a resident of Baltimore City and that Psoras was a resident of Baltimore County and that both were engaged in business in Montgomery County. The motions raising preliminary objection and the accompanying affidavits were virtually identical: Bakas and Psoras each maintained that they were, respectively, residents of Baltimore County and that they respectively engaged in business in Baltimore County, and were not engaged in business in Montgomery County. Bakas did not, in the motion, address himself to the question of his residence at the time suit was brought.

It would seem that the trial court may have thought a resolution of this question unnecessary, preferring to rely on the notion that the cause of action arose in Montgomery

County within the contemplation of Courts Article §
6-201(b). This is a concept peculiarly applicable to an action
in tort. While we are not prepared to intimate that it may
never be availed of in a contract action, it cannot be invoked
here because the note contained no provision that it was
*payable* in Montgomery County, and there is nothing in the
record to indicate that Marjec ever exercised the right
accorded it by the note to fix a place of payment.

We think that the trial court should have held an
evidentiary hearing to determine whether (i) at the time of
the filing of the suit, Bakas was in fact a resident of
Baltimore City, and Psoras, a resident of Baltimore County,
*see Stembler v. Wilson, supra,* 175 Md. 667, and (ii) if this
was the case, whether either defendant could otherwise be
sued in Montgomery County, because he was regularly
engaged in business in Montgomery County, *see Capron v.
Mandel, supra,* 250 Md. 255.

Although the Rules do not mandate that such a hearing be
held (and there is some indication in the record that counsel
for Psoras informally notified the trial court that no hearing
was desired in the disposition of Psoras' motion), the court
erred when it failed to consider what may have been a
dispute of fact and to make a determination of the
underlying issue.

If, after an evidentiary hearing, the trial court concludes
that venue does not lie in Montgomery County, the case
should be transferred to the Circuit Court for Baltimore
County for trial as provided for by Rule 317.

> *Judgment vacated; case re-
> manded for further proceed-
> ings conformable to the views
> herein expressed; costs to
> abide the result.*