574 A.2d 732

**In re Nomination Petition of Yetta GANZMAN as Democratic Candidate for the Office of the Ward Executive Committee for the 52nd Ward, 8th Division.**

**Appeal of James WILSON, Appellant.**

Commonwealth Court of Pennsylvania.

Argued April 11, 1990.

Decided April 25, 1990.

---

Robert J. Mulligan, Robert J. Mulligan, P.C., for appellant.

Wendella P. Fox, Mylotte, David & Fitzpatrick, for appellee.

Hal Fichandler, with him, Frederick L. Voigt, for amicus curiae, Committee. of Seventy.

Before DOYLE and PALLADINO, JJ., and BARBIERI, Senior Judge.

DOYLE, Judge.

This is an appeal from an order of the Court of Common Pleas of Philadelphia County which refused to strike the name of Yetta Ganzman from the ballot as a candidate for the Office of Member of the Democratic Ward Executive Committee (committeeperson) for the 52nd Ward, 8th Division, in the May 15, 1990 Primary Election. The common pleas court found that the nominating petition of Ganzman was valid even though Ganzman is the Majority Inspector of Election for the same division in the 52nd Ward.

The issue before us is whether or not a person who serves as an election board officer is barred by the Pennsylvania Election Code[1] (Code) from seeking the office of committeeperson. We hold that such an election board officer is not so barred, and affirm the order of the court of common pleas.

■ The question of statutory interpretation presented is whether the political party office of committeeperson is a "civil office" under Section 402 of the Code,[2] 25 P.S. § 2672, and we have determined that it is not.

Section 402 of the Code is as follows:

Election officers shall be qualified registered electors of the district in which they are elected or appointed. No person shall be qualified to serve as an election officer who shall hold, or shall within two months have held, any office, appointment or employment in or under the Government of the United States or of this State or of any city or county or poor district, of any municipal board, commission or trust in any city, save only district justices, notaries public and persons in the militia service of the state; *nor shall any election officer be eligible to any civil office to be voted for at a primary or election at which he shall serve, except that of an election officer.* (Emphasis added.)

1. Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. §§ 2601–3573.
2. Section 402 was amended by Section 2 of the Act of May 5, 1982, P.L. 374.

In challenging Ganzman's nominating petition, the petitioner and challenger, James Wilson, asserts that the office of ward executive committeeperson is a "civil office." However, in order to qualify as a civil office a position must be "public" in the sense that it is part of some governmental structure, such as a local governmental unit or agency. A political party organization on the contrary is a separate entity and is not a formal part of the governmental structure as such. It is not, therefore, a "civil office" in the sense that that term is employed in Section 2672 of the Code.

Black's Law Dictionary gives the following definition of "civil office":

A non-military public office; one which pertains to the exercise of the powers or authority of government. Black's Law Dictionary 224 (5th ed. 1979).

Corpus Juris defines "civil officer" as follows:

Civil Officer. A term embracing such officers as in whom part of the sovereignty or municipal regulations, or the general interests of society are vested. The expression means any officer who is not a military officer and includes all officers connected with the administration of the government except military officers. The term, primarily, if not solely, has reference to municipal and State officers. 11 Corpus Juris 797.

Although the Supreme Court in *Bentman v. Seventh Ward Democratic Executive Comm.*, 421 Pa. 188, 218 A.2d 261 (1966), discarded the view that political parties are purely private organizations totally immune from judicial intervention, the court did not go so far as to declare that political parties are public or civil organizations. In *Bentman*, Justice Jones acknowledged that:

[C]ertain party offices, including that of party committee, are now filled through the same electoral process and under state statutory authority as public offices, except that voting for party offices is restricted to qualified electors of the party.... [T]he relationship between

political parties, the government and the public has become such that, in many areas, the public interest is not only *directly* affected by political parties but such parties actually perform *public* functions imposed upon them by law.

421 Pa. at 194, 196, 218 A.2d at 265–66 (emphasis in original).

 Under Section 2672 of the Code, "civil officials" are those who are paid by the public, are regulated by public law or regulations, or who owe their loyalty to the public at large, regardless of political party affiliation.[3] Party officials, on the other hand, are not paid from the public fisc, are regulated primarily by the by-laws of their party, and generally owe their loyalty to their party or political body. They may be subject to judicial intervention only because in some respects they perform a role which impacts upon the public. The Supreme Court in *Bentman* opined:

Insofar as a political party performs statutorily-imposed public functions and to the extent that its actions constitute state action, the internal organization of such political party is a matter of such concern to the public as to make it subject to constitutional limitations and judicial restraint. When the internal organization of a political party directly affects its performance of such public function then not only *may* the judiciary intervene but it *must* intervene....

... [J]udicial intervention must be limited to controversies where the issue raised bears a *direct* and *substantial* relationship to the performance of *public* functions by the political party.

421 Pa. at 196–197, 218 A.2d at 266 (emphasis in original).

Appellant argues that for this Court "to rule that candidates can run their own elections would be to make the

3. If Ms. Ganzman were nominated for a civil office at an election for which she served as an election officer she would be ineligible to be a candidate for election and an objector could contest the nomination as provided by the Code. *See Armstrong Township Tax Collector Election,* 27 D. & C. 2d 333 (1961); *Commonwealth ex rel. Fye v. Meeker,* 15 D. & C. 189 (1930); *Schaffer's Election,* 27 C.C. 443 (1903).

38

entire concept of impartiality a joke." First, this assumes that such a dual capacity, *i.e.*, a committeeperson and an election board officer, renders an individual incapable of serving as an election officer in an impartial manner. This is a concept we do not accept. Second, and directly on point, it is exactly what the Election Code provides. Section 402 of the Code specifically allows an election officer to serve in that capacity even when he/she is running for reelection and his/her reelection bid is contested. Certainly if the Code permits a person to serve as an election officer in an election when that very position is in contest, there is no reason to impute prejudice in an election when some other office is in issue, except of course when the Code expressly prohibits such activity for policy reasons set by the legislature.

For the above reasons, we affirm the order of the lower court.

### ORDER

NOW, April 25, 1990, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.