The Honorable Ben E. Vidricksen State Senator, Twenty-fourth District State Capitol Topeka, Kansas 66612-1565
Dear Senator Vidricksen:
As senator for the twenty-fourth district, you request our opinion regarding whether a person may concurrently serve as a county election officer and as an officer of a political party. Specifically, you ask whether a county election officer may concurrently serve as a county or state chairperson or vice-chairperson of a political party or as a national committeeperson.
The county election officer is responsible for administering certain statutory provisions regarding elections, including those provisions addressing the election of a county clerk. A county election officer is "the election commissioner in counties having an election commissioner, and the county clerk in counties which do not have an election commissioner." K.S.A. 25-2303; 25-2504. A county clerk is elected for a term of four years. K.S.A. 19-301. An election commissioner, authorized for counties having a population exceeding 130,000, is appointed for a two-year term by the secretary of state. K.S.A. 19-3419. While federal and state regulations restrict the political activities of certain public officers and employees, no such statutory prohibitions are applicable to the office of county election officer. See 5 U.S.C.A. sec. 1501 et seq. (Hatch Act; restricts political activities of state employees whose principal employment is in connection with an activity which is financed in whole or in part by loans or grants made by the U.S. or a federal agency); K.S.A. 1992 Supp. 44-714 (restricts political activities of individuals engaged in the administration of employment security law, Kansas department of human resources); K.S.A. 74-2113 (restricts political activities of members of the Kansas highway patrol); and K.S.A.75-2953 (restricts political activities of classified state employees). Upon review of the applicable statutes, we find no statutory provision which prohibits a person from concurrently serving as the county election officer and as an officer for a political party. Therefore, it is necessary to determine whether the common law doctrine of incompatibility of offices will preclude a person from concurrently serving in both capacities.
In applying the doctrine of incompatibility of offices, the courts have traditionally held that this principle does not apply unless the person holds two incompatible public offices.
 "The prohibition against one person holding more than one office at the same time has references to offices, as distinguished from positions in the public service that do not rise to the dignity of office. It does not extend to a position which is a mere agency or employment. . . ." 63 Am.Jur.2d sec. 69 (1984).
While the Kansas Supreme Court has generally adhered to this rule, inDyche v. Davis, 92 Kan. 971 (1914), the court applied the doctrine to a situation in which a public officer also held a position of public employment and the compensation for the public office and public employment were both payable from public funds. Id. at 977. Therefore, the common law doctrine of incompatibility of offices may be applicable in the present situation if an office for a political party constitutes a public office or is public employment with compensation paid from public funds.
In Sowers v. Wells, 150 Kan. 630 (1939), the Kansas Supreme Court acknowledged that "the authorities are not in complete harmony in defining the term `public office,' or `public officer,' [but that] it universally has been held that the right to exercise some definite portion of sovereign power constitutes an indispensable attribute of `public office.'" Id. at 633. Quoting McDuffie v. Perkerson, 173 S.E. 151 (1933), the court provided:
 "Blackstone (2 Com. 36) defines an office as a right to exercise a public or private employment, and to take the fees or emoluments thereunto belonging. Thus it has been said that every one who is appointed to discharge a public duty and who receives a compensation in whatever shape, whether from the crown or otherwise, is a public officer. A distinction is drawn between public and private officers, the former being those whose functions and duties concern the public. The term `public officer' involves the idea of tenure, duration, fees or emoluments, and powers, as well as that of duty. These ideas or elements cannot properly be seperated and each considered abstractly. All, taken together, constitute an office. But it is not necessary that an office should have all of the above-named characteristics, although it must possess more than one of them, and the mere fact that it concerns the public will not constitute it an office." Id. at 233 (emphasis in original).
It is stated in 25 Am.Jur.2d Elections sec. 124 (1966) that "[i]n most states officers of a political party, such as members of a party executive committee, are not public or governmental officers, even when provided for by statutory law." It is further stated in 63A Am.Jur.2dPublic Officers and Employees sec. 14 (1984) that "[v]arious positions, on the other hand, have been held not to be public offices, as, for example: . . . chairman or member of a political party committee. . . ." This view has been accepted despite the fact that the state may through state statute regulate the election of members of the political party committee or place specific duties on the political party committee. SeeGanzman v. Wilson, 574 A.2d 732 (Pa.Commw. Ct. 1990); Lanza v. Marino,388 A.2d 1294 (N.J.Super.Ct. 1978); Capron v. Mandel, 241 A.2d 892 (Md. 1968); State v. Bivens, 149 S.E.2d 284 (W.Va. 1966); State v. Millspaugh,175 N.E.2d 13 (Ind. 1961); Sullivan v. Board of Supervisors of MonroeCounty, 200 N.Y.S.2d 218 (1960); Shaver v. Moyer, 324 S.W.2d 148
(Mo.App. 1959); Morris v. Peters, 46 S.E.2d 729 (Ga. 1948); AttorneyGeneral v. Drohan, 48 N.E. 279 (Mass. 1897). However, not all state courts have adopted this statement as controlling in their particular state. See State v. Jennings, 182 N.E.2d 546 (Ohio 1962) (county central committee of political party authorized by state statute to fill vacancies in public offices; members of central committee are public officers); State v. DeMaioribus, 224 N.E.2d 353 (Ohio App. 1967) (committeemen are public officers subject to quo warranto; any other conclusion anomalous because of precedent); Belcher v. Harris,185 S.E.2d 771 (Ga. 1971) (for purposes of quo warranto, office in political body or political party is a public office).
We have been unable to locate a Kansas case which specifically addresses whether persons holding various positions in political parties hold public office. Three previously issued opinions of the Kansas Attorney General do address the issue; however, the opinions express differing conclusions.
In VI Op. Att'y Gen. 656 (1969), Attorney General Kent Frizzell identified the factors considered in determining whether a county chairperson of a political party held a public office.
 "In order for a position to be a public office of civil nature, five elements are necessary: (1) the office must be created by the constitution or legislature of the state or created by municipality or other body through authority conferred by the legislature; (2) the position must possess a delegation of a portion of the sovereign power of government, to be exercised for the benefit of the public; (3) the powers conferred, and the duties to be discharged, must be defined, directly or impliedly, by the legislature or through legislative authority; (4) the duties must be performed independently and without control of a superior power, other than the law, unless they be those of an inferior or subordinate office, created or authorized by the legislature, and by it placed under the general control of a superior office or body; (5) and the position must have some permanency and continuity, and not be only temporary or occasional."
At the time of issuance of the opinion, the county chairperson was selected by the committeemen and committeewomen from that body of persons. K.S.A. 25-221 (repealed, L. 1972, ch. 129, sec. 12). The county chairperson was one of the persons involved in filling vacancies in designated offices, provided the vacancies occurred during the prescribed period of time. Id.; 25-312, as amended by L. 1968, ch. 406, sec. 98; L. 1959, ch. 174, sec. 2; see General Statutes of 1949, sec. 25-221, as amended by L. 1957, ch. 230, sec. 1 (party committee includes chairperson). After giving consideration to the five elements and the duties of the county chairperson, it was determined that the county chairperson did not exercise any portion of the sovereign power of government. A person holding the position of county chairperson was held not to hold a public office.
In Attorney General Opinion No. 75-193, Attorney General Curt Schneider made no reference to VI Op. Att'y Gen. 656. Attorney General Schneider determined that the analysis set forth in the Ohio cases of Jennings,supra, and DeMaioribus, supra, were analogous and should be followed. The court in Jennings determined that, because of the authority of a central county committee of a political party to fill vacancies in certain public offices, a committee position constituted a public office. DeMaioribus acknowledged the general rule that such a position does not constitute a public office, but then followed the precedent established in Jennings.
In Attorney General Opinion No. 83-27, a number of cases of courts in other states as well as VI Op. Att'y Gen. 656 and Attorney General Opinion No. 75-193 were noted. After acknowledging that the cases and opinions expressed differing conclusions, Attorney General Opinion No. 83-27 stated:
 "Although we do not preclude the possibility that precinct committeemen and committeewomen may be regarded as public officers under appropriate circumstances, it is our opinion that, in light of the penal nature of K.S.A. 1982 Supp. 75-2953 and the rule of strict construction appropriate to such statutes, precinct committeemen and committeewomen are not public officers within the contemplation of this statute. We cannot say, as a matter of law, that the ordinary meaning of `public office,' as used in K.S.A. 1982 Supp. 75-2953, includes [a] precinct committeeman or committeewoman within its scope, or that a person sought to be subjected to this statute's sanctions would readily discern such meaning. . . .
 "Accordingly, we have no hesitation in concluding that, as a matter of ordinary language, `public office' would not include a precinct committeeman or committeewoman. Certainly, we believe the ordinary meaning to be ascribed `precinct committeeman' or `committeewoman' would not, in accordance with the general rule of authority, contemplate that persons holding such positions are public officers. To the contrary, these persons are ordinarily regarded only as having duties to their particular political party. Hence, it is our opinion that for purposes of K.S.A. 1982 Supp. 75-2953(2), the term `public office' does not include a precinct committeeman or committeewoman. We reiterate, however, that our conclusion regarding the construction of this statute does not foreclose the possibility that, under other circumstances and other statutory provisions, precinct committeepersons may be considered public officers."
Prior to July 1, 1990, the state provided for much of the organization of political parties. State statute provided for the election of the chairperson and vice-chairperson of the county central committee, the district committee, and the state committee. K.S.A. 25-3802 (repealed, L. 1990, ch. 131, sec. 1); 25-3803 (repealed, L. 1990, ch. 131, sec. 1); and 25-3805 (repealed, L. 1990, ch. 131, sec. 1). Persons serving in such capacities were not required to be committeemen or committeewomen prior to their election as chairperson or vice-chairperson. Id.; Attorney General Opinion No. 88-112. However, in Eu v. San Francisco CountyDemocratic Central Committee, 489 U.S. 214, 109 S.Ct. 1013, 103 L.Ed.2d 271
(1989), the United States Supreme Court determined that "a State cannot justify regulating a party's internal affairs without showing that such regulation is necessary to ensure an election that is orderly and fair."109 S.Ct. at 1025. In response, the state legislature repealed many of the statutes addressing the organization of political parties. L. 1990, ch. 131, sec. 1.
The existence of the office of county chairperson appears to be recognized in subsection (a) of K.S.A. 25-3801.
 "Except as provided in subsection (b), vacancies occurring in the office of precinct committeeman or committeewoman shall be promptly filled by appointment by the county chairperson, except that any vacancy which occurs because the party had no candidate at such primary election shall not be filled until the central committee has elected or reelected its chairperson under K.S.A. 25-3802 and amendments thereto." Id. (emphasis added).
Pursuant to K.S.A. 25-3808, "[e]ach committee provided for in this act, and its officers, shall have the powers usually exercised by such committees and by the officers thereof, insofar as is consistent with this act." Depending on the public office or candidacy in which a vacancy occurs, one of the chairpersons is obligated to call a convention of the appropriate committeemen and committeewomen for the purpose of selecting a person to fill the vacancy. See K.S.A. 25-3901, et seq. If the chairperson is unable to or refuses to perform this obligation, the vice-chairperson is given the responsibility for calling the convention.Id. No other duties or powers are conferred by state statute upon the committee chairperson or vice-chairperson.
Based upon the authorities cited, it is determined that a person holding the position of county or state chairperson or vice-chairperson of a political party or the position of national committeeperson of a political party does not hold a public office. Although state statute acknowledges the existence of the positions of county or state chairperson or vice-chairperson, such positions are not created by the constitution or legislature of the state. Absent the obligation to call a convention, the powers and duties of the positions are not defined by the legislature. A person holding any of such positions does not exercise the sovereign power of government. As these positions do not constitute public offices, the common law doctrine of incompatibility of offices is inapplicable. A county election officer is not precluded from concurrently serving as a county or state chairperson or vice-chairperson or as a national committeeperson of a political party.
Your final question seeks an opinion as to the ethics or morality of concurrently holding the office of county election officer and the position of chairperson or vice-chairperson or national committeeperson of a political party. Because this does not appear to be a question of law, we are unable to address it in the scope of an Attorney General opinion.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
RTS:JLM:RDS:jm